# CHARLESTON.

### STATE *v.* DURR.

Submitted January 31, 1911. Decided April 25, 1911.

1.  INTOXICATING LIQUORS—*Indictment*—*"Temperance Beer."*
    In defence of an indictment for selling intoxicating drinks, the article sold being labeled "Temperance Beer", the defendant has right to show that it is not intoxicating. (p. 253).

2.  SAME—*Evidence.*
    Upon trial of an indictment for selling intoxicating drinks, if the evidence show a sale of beer, the state has made a *prima facie* case for conviction, and need not give evidence that the beer is intoxicating; but the defendant may give evidence to prove that the beer sold is not intoxicating. (p. 253).

Error to Circuit Court, Randolph County.

E. W. Durr was convicted of selling beer without a license, and brings error.

*Reversed.*

*V. L. Wamsley, C. H. Scott, James Cobley* and *W. E. Baker,* for plaintiff in error.

*William G. Conley,* Attorney General and *H. G. Kump,* Prosecuting Attorney, for the State.

BRANNON, JUDGE:

An indictment charged E. W. Durr with selling, without license, spirituous liquors, wine, porter, ale, or beer and drinks of like nature. He was found guilty by a jury, and judgment for fifty dollars fine and sixty days imprisonment was rendered against him.

On the trial the evidence was that he sold a drink called and labeled "Temperance Beer." The defendant offered to give evidence, by persons who knew and who had drunk and tested it, that it was not intoxicating, and that the stomach could not contain enough of it to produce intoxication. The court rejected the evidence proposed. The argument of the prosecution is that beer is specifically named in Code 1906, ch. 32, §1, as a prohibited drink; that the sale of beer is unlawful without license, and no proof of its intoxicating character is required; that when once it is shown that beer is unlawfully sold the offence is proven, and there can be no evidence by the defendant that it is not intoxicating. I do not conceive that the word "temperance" before the word "beer" is material, any more than would be the word "apple" before the word "brandy." Whiskey, brandy, gin, rum and some other liquors are, by judicial cognizance, known to be intoxicating, and no proof that they are is required, nor is any evidence admissible to the contrary when it has been proven that such liquors have been sold. 23 Cyc. 61. But we have the question in this case whether beer stands on like ground, though specified in the statutes. Is it like whiskey to be held conclusively intoxicating? Where the thing sold is not by judicial cognizance known to be intoxicating, it must be proven to be so. "If the liquor be not judicially known as a prohibited liquor, then it must be alleged that it is an intoxicating, spirituous, distilled, malt, fermented, alcoholic or vinous liquor if the terms used in describing it are not judicially noticed as being descriptive of such liquor, and these allegations established by proof." Woolen and Thornton on Intoxicating Liquors, §78. Where whiskey, brandy or other known spirituous liquor is sold it is not necessary to allege that the

particular liquor was sold, because our statute prohibits sale of spirituous liquors, and such drinks being known to be spirituous it is not necessary to prove their character. The cases of *State* v. *Gillespie,* 63 W. Va. 152, and *State* v. *Good,* 56 *Id.* 215, and *State* v. *Cool,* 66 *Id.* 86, are not authority on the question before us; that is, can the defendant selling beer prove that it is not intoxicating? They do hold that as to drinks not mentioned in the statute, such defense may be made; they do hold that as to such drinks intoxicating quality is the test. They involved drinks called "malt," "senoj cider," and "rikk," not by name mentioned in the statute, and not judicially known to be spirituous and intoxicating, and in such cases the intoxicating quality is the test and open to proof on both sides; but in this case we have the sale of beer, a drink prohibited by name in the statute, and *prima facie* intoxicating. We hold that when it is proven that a liquor called "beer" has been sold, the case is proven *prima facie;* but as all beers are not intoxicating, the defence that it is not is admissible. Woolen and Thornton on Intoxicating Liquors, §76, says: "Whether or not courts will take judicial notice that beer is an intoxicating or malt liquor has been one of much contrariety of opinion, and this arises from the fact that there are many kinds of beer well known to be neither malt nor fermented nor intoxicating liquors. Therefore, upon a proof of a sale of 'beer,' and nothing more, many cases hold that it is not shown that there was a sale of either malt or intoxicating liquor. But by the better line of cases on proof of a sale of 'beer,' even without additional words, the courts will construe it as a sale of fermented, malted or intoxicating liquors, and the burden is upon the person claiming it is not a malted, fermented or intoxicating liquor to show that fact. These decisions are based on the primary meaning of the word 'beer.' 'Webster,' said the supreme court of Indiana, 'defines beer to be 'a fermented liquor made from any malted grain, with hops and other bitter flavouring matter.' In other words it is a malt liquor, which the same author declares to be 'a liquor prepared for drink by an infusion of malt, as beer, ale, porter, etc.' It may therefore, be said that beer is a liquor infused with malt and prepared by fermentation for use as a beverage. As a consequence when 'beer' is called for at a place at which intoxicating drinks are sold, the bar tender, having in view the primary

meaning as well as the common use of the word, is justified in inferring and must reasonably infer that malted and fermented beer is wanted. If any other kind of beer is desired it is expected that qualifying words will be used, such as spruce beer, root beer, small beer, ginger beer, and the like, thus attaching a remote and secondary meaning to the word 'beer' as descriptive of particular beverages. When, therefore, a witness testifies to the sale or giving away of beer under circumstances which make the sale or giving away of any intoxicating liquors unlawful, the *prima facie* inference is that the beer was of that malted and fermented quality declared by the statute to be an intoxicating liquor, and the court trying the case ought to take judicial notice of the inference which there arises from the use of the word 'beer' in its primary and general sense.' So where the term 'lager beer' is used in testimony the inference is that an intoxicating beer was meant. In days gone by, when the term 'strong beer' was used to distinguish it from small beer, courts took judicial notice that it was intoxicating. Where a statute declares that lager beer is an intoxicating liquor it cannot be shown that it in fact is not, for the Legislature has fixed its status by a statute the courts cannot question. The courts cannot, however, take notice that rice beer is an intoxicant; that is a question for the jury." We know as a court, people know, that there are beers innocent, and not intoxicating, and extensively used, and some that are intoxicating, and it seems consonant with reason, with justice, that one charged with selling 'beer' should be allowed to prove that it is of a kind not intoxicating. In every case it is a jury question upon the evidence. *State* v. *Oliver,* 26 W. Va. 422, is cited. We do not think it is apposite in this case. It held that sale of cider or crab cider was not unlawful. The reason being that it was not named in the statute, and did not come under the head of spirituous liquors, and not a "mixture" or "preparation" known as "bitters" producing intoxication. As the court held it immaterial that crab cider was intoxicating the state would use that case in this case to show that whether the beer sold was intoxicating is irrevelant and evidence on that question not admissible; but that case does not so direct in this case. It was under a statute prohibiting sale of spirituous liquors, and saying that all "mixtures or preparations known as 'bitters' or otherwise, which will produce in-

toxication shall be deemed spirituous liquors." Since then, in 1885, the section was amended by inserting the word "liquids" in addition to "mixtures" and "preparations," and now cider would be a liquid, and if strong·enough to produce intoxication would be, in law, deemed spirituous liquor, and evidence to prove and disprove its intoxicating properties would be admissible.

We think that the circuit court erred in rejecting all the evidence proposed to deny the intoxicating quality of the beer.

Judgment reversed, case remanded.

*Reversed and Remanded.*