# CHARLESTON.

## STATE v. FRED VENDETTA.

Submitted April 6, 1920.  Decided April 13, 1920.

1. CRIMINAL LAW—*Provisions of Prohibition Law for Additional Penalty for Second Offense Are Constitutional.*

    The provisions of the act, chapter 32A Barnes' Code 1918, known as the Prohibition Law, providing for additional penalties for second offenses committed under the act, are constitutional and valid.  (p. 188).

2.—Indictment and INFORMATION—*Indictment for Second Offense Need not Aver That Former Conviction Has not Been Reversed.*

    An indictment under said act need not aver that the former conviction pleaded has not been overruled, set aside or reversed, such facts if true being defensive and the burden being upon defendant to prove the same on the trial.  (p. 188).

3. SAME—*Indictment for Second Offense Need and Aver That Former Warrant Was Regular.*

　Where the indictment for the second offense avers conviction of a prior offense by confession of the defendant on a warrant then pending before a justice, it is good on motion to quash, although it fails to aver that such warrant was issued upon complaint of a credible person under oath, or that the offense charged was committed in the presence of the justice. The law presumes such warrant was regular and issued upon proper information, without such averment. (p. 188).

4. SAME—*Indictment Held to Charge Second Offense Under Prohibition Law.*

　When such prior conviction was upon a warrant charging defendant with the unlawful manufacture, sale, etc. of intoxicating liquors inhibited by section 3 of said act and the subsequent offense charged, inhibited by section 31 of said act as amended by Acts 1917, was for bringing and carrying from one place to another in the state intoxicating liquors in excess of one quart for personal use, the indictment so averring sufficiently charges a second offense under the act and is good on demurrer or motion to quash. (p. 188).

5. STATUTES—*Amendment to be Construed as if Included in Original Act.*

　An amendment to a statute should generally be construed as if it had been included in the original act. (p. 190).

Certified Questions from Circuit Court, Marion County.

Fred Vendetta was indicted for a felony for committing a second offense under the Prohibition Law, his motion to quash the indictment was overruled, and questions were certified.

*Affirmed.*

*Jno. T. Simms,* for the State.

*L. C. Musgrave* and *Charles Powell,* for defendant.

MILLER, JUDGE:

Upon an indictment for a felony for committing a second offense, under chapter 32A, Barnes' Code 1918, known as the Prohibition Law, the court below overruled defendant's motion to quash the indictment, and certified the questions arising thereon to this court for its decision.

86 W. Va.

The constitutionality of the act upon which the indictment was founded is the first question certified. This question seems to have been abandoned. It was not presented in oral or printed argument by counsel for defendant, and for that reason was only casually referred to by counsel representing the State. The validity of this act, we think, is unquestionable. *State* v. *Graham,* 224 U. S. 616.

The second question certified is whether the failure of the indictment to expressly negative that the justice's judgment against the defendant pleaded as the first offense was set aside, or that an appeal was taken and a new trial awarded, and the result of a new trial, if one was had, renders the indictment bad. We recently decided that an indictment need not aver that a former conviction has not been overruled, set aside or reversed, such fact if true being defensive, and the burden being upon defendant to prove the same on the trial. *State* v. *Goldstrohm,* 84 W. Va. 129, 99 S. E. 248, and cases cited. Moreover, as the judgment of the justice plainly shows that it was rendered upon the confession of the defendant, it is doubtful whether the defendant could have prosecuted an appeal. *State* v. *Emsweller,* 78 W. Va. 214.

Another proposition urged by counsel for defendant, not specifically certified, but perhaps covered by the fourth or general question, namely, the sufficiency of the indictment as presented on the face thereof, is that the indictment is bad for not averring that the warrant of the justice was issued on information, under oath of some credible person, as provided by section 223, chapter 50 of the Code, 1918. That section does say that such warrant shall be issued only on such information. The indictment alleges that theretofore, to-wit, "in the Justice's Court of William W. Conaway, a Justice of the Peace of Marion County, West Virginia, on the 30th day of January, 1918, before William W. Conaway, Justice of the Peace then presiding, then and there, Fred Vendetta was in due form of law tried and convicted, upon confession, of a misdemeanor, to-wit, of unlawfully manufacturing, selling, offering, keeping, storing and exposing for sale and barter, intoxicating liquors as defined by section 1 of chapter 13, Acts of the Legislature of West Virginia, 1913, upon a certain warrant then and there pending against the said

Fred Vendetta, before said Justice Conaway, for that he, the said Fred Vendetta, on the ____ day of January, 1918, in the county of Marion, did unlawfully, manufacture, sell, offer, expose, keep and store for sale, and barter intoxicating liquors as defined by Section 1 of Chapter 13, Acts of the Legislature of West Virginia, 1913, and therefore it was considered by the said Justice of the Peace then, that the said Fred Vendetta should be imprisoned in the jail of said Marion County and labor on the roads of said County for a period of three months from and after said 30th day of January, 1918, and pay to the State of West Virginia, as a fine Two Hundred Dollars and the costs of said prosecution as by the record of said Justice doth more fully appear." It is contended that the averment that defendant "was in due form of law tried and convicted, upon confession, of a misdemeanor" amounts to a mere conclusion of law, and does not satisfy the supposed requirement that it be also averred that the warrant was issued upon an information made under oath of a credible person, as this fact was substantially averred in *State* v. *Hoilman,* 82 W. Va. 98. But the averment that the conviction by confession was upon a warrant then and there pending against defendant is complete, and must it not be presumed that it was a warrant issued upon proper complaint? We think such fact arises as a legal presumption from the fact averred respecting the warrant. In *Rush* v. *Brannon,* 82 W. Va. 58, 61, we decided that orders and judgments of courts of limited powers entered in proceedings over which they have jurisdiction are entitled to the same favorable presumption respecting their validity as the law applies to judgments of courts of general jurisdiction. This principle was there applied in the case of the probate of a will, where it was contended that all the facts justifying the probate were not made to appear on the face of the order of probate. The county court in that case, though one of limited jurisdiction, has general jurisdiction in probate matters. But with respect to proceedings before a justice, we have decided that where the justice has jurisdiction of the cause of action, it will be presumed that the proceedings were regular, and the failure of his docket to show that his proceedings were regular will not vitiate his judgment. *Bumgarner* v. *First National Bank,* 70 W. Va. 787; *State* v. *Citz. Trust*

& *Guar. Co.* 72 W. Va. 181; *First National Bank* v. *McGraw*, 85 W. Va. 298, 101 S. E. 474. It is probably jurisdictional that the warrant of a justice should be founded on a preliminary complaint under oath, or an offense committed in his presence. 12 Cyc. 291. But if the warrant charges a crime of which the justice has jurisdiction, and the defendant appears and confesses the offense, does he not thereby waive any irregularity or defect in the form, and all defects therein? The authorities seem to so hold. 12 Cyc. 303, 7 b, and cases cited. We are of opinion, however, that the indictment here sufficiently avers an offense of which the accused confessed, and that it is good on demurrer or motion to quash.. The averment of a warrant pending before the justice named implies a good warrant, one founded on proper complaint, and for an offense committed in the presence of the justice.

The next proposition submitted by the circuit court is, must the second offense charged have been an offense under the same section of the statute or act or amended act in order to amount to a felony. The first offense, according to the indictment, was predicated on section 3 of chapter 13, Acts 1913, for manufacturing, selling, etc. intoxicating liquors, which chapter constitutes chapter 32A, Code 1918. The second offense is for unlawfully and feloniously bringing and carrying intoxicating liquors in excess of one quart from one place to another place in said county for personal use, made an offense and punishable by section 31 of said chapter 32A, as amended by chapter 58, Acts 1917. The criticism is that to constitute a "second offense under this act" and render the accused guilty of a felony as provided thereby, the second offense must have been for an offense prescribed by the same section under which the said offense was committed, or at least one prescribed by the act of 1917, amending the former statute. That such was not the intention of the Legislature is manifest, not only from chapter 7, Acts 1917, amending the act of 1913, but also from the provisions of the act of 1917. Whenever the Legislature intended the provisions of the act or acts to apply only to the particular section, it is so stated therein; for example, the first part of section 7, of the act of 1915, amending the act of 1913, provides that "nothing contained in this section shall prevent one, in his

home, from having and there giving to another intoxicating liquors when such having or giving is in no way a shift, scheme or device to evade the provisions of this act." Said chapter 7 of the Acts of 1915 did nothing but amend section 7 of the act of 1913, and added thereto sections 27 to 33, both inclusive. And by reference to the added sections it will be seen that when "section" is meant it is so stated therein, and when "act" is used it is intended to apply to the whole chapter relating to prohibition enacted in 1913 as amended; and besides, many of the provisions of the added sections could have no application at all unless made applicable to the whole chapter. Moreover, it is settled law in the construction of statutes that an amendment of a prior act is to be construed as if the amendment had been in the act from the beginning. Endlich on Interpretation of Statutes, § 294, p. 397, and cases cited; 11 Enc. U. S. Sup. Ct. Rep. 158. So that construing the law as it was when the second offense was committed, we must consider the act as a whole, with the amendments included, and give effect thereto accordingly, in order to accomplish the purposes of the law. Indeed we are commanded to do this in effect by section 23 of said chapter, requiring a liberal construction thereof.

But uninfluenced by any of the provisions of the statute, the general rule of construction is that a statute which provides increased penalties for subsequent offenses specifically named, does not require that the second offense shall be a repetition of the initial crime of which the offender was convicted. 12 Cyc. 949, and cases cited. *State* v. *Maltais,* (N. H.), 72 Atl. 1023, relied on by counsel for defendant does not contravene the law just stated. In that case the conviction was predicated on an entirely distinct act, prescribing a different offense from that prescribed by the other act, and both providing penalties for first and second offenses.

Our conclusion is that the circuit court properly decided the questions certified, and that its judgment overruling defendant's motion to quash must be affirmed, and our decision will be certified to the court below for its information and further proceedings therein.

*Affirmed.*