# CHARLESTON.

## STATE v. HOLL MILLER.

Submitted September 7, 1921. Decided September 20, 1921.

1. INTOXICATING LIQUORS—*Word "Liquors" in Prohibition Statutes, is Limited to Beverages Referred to Therein.*

   The word "liquors" used in the prohibition statutes is limited in its meaning, and includes only such beverages as are referred to in section one of that law. (p. 85).

89 W. Va. ·

2.  INDICTMENT AND INFORMATION—*Indictment in Form Prescribed by Act is Good on Demurrer.*

An indictment for a violation of the prohibition law in the form prescribed by section three of chapter 108 of the Acts of 1919 is good on demurrer.   (p. 85).

3.  SAME—*Two or More Offenses of Same General Nature May be Joined in Indictment.*

Joinder of two or more offenses of the same general nature in an indictment is not good ground of demurrer.   (p. 86).

(LYNCH, JUDGE, absent.)

Case certified from Circuit Court, Roane County.

Holl Miller was indicted for violation of the prohibition law.   The demurrer to the indictment was overruled, and the case certified.

*Affirmed.*

*E. T. England,* Attorney General, *R. A. Blessing,* Assistant Attorney General, and *John W. Lance,* prosecuting attorney, for the State.

*Thos. P. Ryan,* for defendant.

RITZ, PRESIDENT:

Defendant was indicted in the circuit court of Roane county upon the charge that he did unlawfully sell, give, offer, expose, keep and store for sale and gift, liquors.  A demurrer to the indictment was overruled, and the questions arising thereon certified to this court.

The indictment is in the form prescribed by section three of chapter 108 of the Acts of 1919.   The ground of the demurrer is that the indictment does not necessarily charge an offense, for the reason that the word "liquors" which the defendant is charged with having dealt in, is too uncertain to make him guilty of any crime under the law; and, second, that the indictment is bad for duplicity, in that several separate offenses are charged therein.

It is quite true that the word liquors used in this indictment in its broad sense may include other substances than those referred to in the statute, but this form of indictment is prescribed by the law itself.   The word liquors used in the prohibition statutes has a well defined significance.   Section

one defines the term, and it says just what it means when used in that law. No matter what the word may signify in other connections, its meaning in the prohibition laws is clearly and definitely determined by the language of section one. The legislature determined to inhibit the manufacture and sale of a number of different beverages, and for convenience adopted one term which included all or any of them, and this is the use made of the word liquors in the law, so that when the word liquors is used it is limited in its meaning to the things mentioned in section one. By the very terms of section one it cannot be given any broader or narrower meaning. The defendant cites the cases of *State* v. *Durr,* 69 W. Va. 251, and *State* v. *Dennison,* 85 W. Va. 261, as authority for the proposition that one may defend against an indictment of this character by showing that the substance sold by him was not a spirituous or malt liquor, and was not intoxicating. This is quite true, but when he shows this he shows that it was not a liquor under the prohibition act. In other words, he is not guilty because he did. not deal in liquors as defined by the act.

The suggestion that the indictment is bad for duplicity is without merit. It is true that if the defendant did sell, give, offer, expose, keep and store for sale and gift, liquors, he may be guilty of separate and distinct offenses, but it is well established in this jurisdiction that the joinder of two or more offenses of the same general nature in an indictment is not ground of demurrer. *State* v. *Calhoun,* 67 W. Va. 666; *State* v. *Jarrell,* 76 W. Va. 263.

It follows that the demurrer to the indictment was properly overruled, and we answer the questions certified accordingly.

*Affirmed.*