# CHARLESTON.

STATE *v.* ALBERT COUNTS.

Submitted February 14, 1922. Decided February 21, 1922.

1. CRIMINAL LAW—*A Warrant Charging Unlawful Manufacture, Sale, and Keeping for Sale Held Not Void for Duplicity.*

   The warrant charging that the accused did unlawfully manufacture, sell, offer, expose, keep and store for sale, or barter, intoxicating liquors as defined by sec. 1, chap. 13, Acts, 1913, contrary to law, under sec. 3, chap. 108, Acts, 1919, is not void for duplicity. (p. 341).

2. SAME—*Joinder of Two or More Offenses cf Same General Nature in a Warrant Not Ground for Quashing.*

   Joinder of two or more offenses of the same general nature in a warrant is not good ground for quashing it. (p. 341).

3. SAME—*Refusal of Defendant's Motion for Bill of Particulars is Within Court's Discretion.*

   Refusal to grant defendant's motion for a bill of particulars in a criminal case is within the sound discretion of the trial judge, and the appellate court will not reverse for that reason unless it is clear that defendant has been prejudiced thereby. (p. 342).

4. INTOXICATING LIQUORS—*Admitting Evidence of Defendant's Reputation Held Error.*

   In the trial of a criminal case wherein the defendant is charged with having in his possession, for sale, spirituous

liquors contrary to law, it is error to admit evidence of the reputation of defendant as a dangerous man or as a violator of the prohibition laws, over his objection, when he has brought neither into question.    (p. 344).

5.  SAME—*Finding Liquors on Defendant's Premises Held Prima Facie Evidence of Ownership and Unlawful Use.*

The finding of spirituous    liquors    in large quantities, secreted in the dwelling-house, out-house and in the weeds in the yard of the dwelling house of defendant, by officers, under a lawful search warrant, is prima facie evidence of defendant's ownership and unlawful use thereof.    (p. 344).

6.  CRIMINAL LAW—*Instruction That Finding Them Makes Prima Facie Case Held Error, Notwithstanding Other Instructions.*

In a trial on a warrant for unlawfully manufacturing, selling, offering, exposing, keeping and storing for sale spirituous struction is given on defendant's motion telling the jury that "that under the provisions of the prohibition law of this State, the finding of intoxicating liquors on the premises of the defendant by the officers of the law under a search and seizure warrant makes a *prima facie* case, and if the defendant would remove this presumption, the burden is on him to show by a preponderance of the evidence that he had said liquors for a lawful purpose," even though another instruction is given on defendant's motion telling the jury that guilt of the defendant must be established from the evidence "by full proof," that is by evidence which satisfies the mind of the jury to the exclusion of every reasonable doubt, and that neither a mere preponderance of the evidence or any weight of preponderant evidence is sufficient for the purpose unless it generates full belief of the guilt of the accused to the exclusion of any reasonable doubt.    (p. 344).

Error to Circuit Court, Jackson County.

Albert Counts was convicted in justice court of violating the intoxicating liquor laws, and appealed to the circuit court, where he was again convicted, and he brings error.

*Reversed and remanded.*

*S. P. Bell, Lewis H. Miller* and *W. F. Boggess,* for plaintiff in error.

*E. T. England,* Attorney General and *R. Dennis Steed,* Assistant Attorney General, for the State.

LIVELY, JUDGE:

Defendant was arrested on a warrant issued by a justice of the peace, tried, convicted and sentenced to confinement in jail for·six months and to pay a fine of $300.00. He appealed to the circuit court, where a verdict of guilty as charged was found, followed by a sentence of confinement for two months and payment of a fine of $100.00. From this sentence this writ of error is prosecuted.

The evidence discloses that Constable Lanham, armed with the warrant, accompanied by Cosby and Crowder, prohibition officers, went to the home of defendant on the morning of June 21, 1921, all armed with Winchester rifles and revolvers, and approached defendant, who was standing near his dwelling house. The constable informed him that he had a search warrant, which defendant asked to see, and, while it was being produced, Cosby went into the house followed hurriedly by Counts, and very soon thereafter the noise of a scuffle reached Lanham and Crowder who had remained outside. They immediately went into the house and found Count and Cosby scuffling over something in the bed; and, thinking that Counts was trying to use a revolver, Crowder struck Counts on the head three times with his rifle barrel and demanded that he let loose of the object over which they were scuffling. Under the two struggling men were found a broken jar the liquor from which had been spilled on the bed, and another half-gallon jar ·containing whiskey, a portion of which had been spilled on the bed. Further search was made and a five gallon container about half full of corn whiskey was found in a nearby out-house. Other jars containing corn whiskey were found secreted in weeds near the house. Between five and seven gallons of whiskey were found, a sample of which was produced on the trial and examined by the judge and jury, on the container of which the justice of the peace had labelled, " 'Prince Albert ,' captured of Albert Counts, June 21st, 1921." By witness Lanham, the first witness for the State, the prosecution sought to attack the general reputation of defendant as a peaceable and law abiding citizen of the

community; over the objection of defendant this evidence went to the jury. The witness stated that he had never heard anything against his reputation as a peaceful citizen, but had heard it said generally that defendant had been in the habit of selling whiskey, been "moonshining", and had been "hauling whiskey to town and selling it." The prosecution seeks to justify the introduction of this character evidence on the theory that it warranted the officers in being armed with rifles and pistols at the time of the arrest. Defendant denied that he had manufactured any of the whiskey found on his premises, denied having sold, offered, exposed, kept or stored for sale or barter the liquor found, or any other liquor. He made no explanation of the presence of the whiskey secreted in the bed or about his premises.

Error is assigned because the court refused to sustain defendant's motion to quash the warrant. The ground for the motion is that the warrant did not specifically inform defendant of the nature of the charge alleged against him, so that he could prepare his defense. The warrant charges that Albert Counts on the ———day of June, 1921, "did unlawfully manufacture, sell, offer, expose, keep and store for sale or barter, intoxicating liquors as defined by sec. 1, chap. 13, Acts 1913, contrary to the laws" etc. There are distinct offenses charged. Such a warrant is not bad for duplicity. *State* v. *Miller,* 89 W. Va. 84, 108 S. E. 487. The warrant is in the statutory form of an indictment for these offenses which has been held to be sufficient to satisfy the requirements as to time, place and circumstance and certainty as to the offenses charged, and to serve as a protection against future prosecution for the same offense. *State* v. *Hurley,* 78 W. Va. 638; *State* v. *Sixo,* 77 W. Va. 243; *State* v. *Farley,* 78 W. Va. 471. It will be observed that the words " (other than by 'moonshine still') " which are found in the statutory form in chap. 108, Acts 1919, and which follow the words "did unlawfully manufacture" do not appear in this warrant. There are now two offenses in the manufacture of intoxicating liquors, subjecting the offender to different punishment, that of manufacturing otherwise than by a moonshine still, and by a moonshine still. It is

therefore uncertain as to which of these offenses defendant is charged with in the warrant; but the other offenses, selling, offering, exposing etc., are clearly and sufficiently charged, and if proven would sustain the warrant. There was no error in refusing to quash.

Before going into trial defendant moved for a bill of particulars and supported his motion by affidavit in which he asked that the State be required to furnish him with a "bill of particulars showing the time, place, offense and with whom the sale or barter was made, if any there was". There is no rule of law or of necessity in this State requiring the designation of the purchaser of liquors unlawfully sold. *State* v. *Chisnell*, 36 W. Va. 659. Nor is the particular time or place required to be shown in the accusation. It is sufficient if the time be alleged within one year preceding the finding of the indictment, and the place within the county. These are both alleged in the warrant. However, there are several distinct offenses charged against defendant in the complaint and warrant, namely, manufacturing, selling, offering, exposing and keeping and storing for the purpose of sale and barter. These are charged generally. Had either one of them alone been charged in the warrant, no bill of particulars would have been necessary. But on which charge was the prisoner prepared to defend? On which would the State rely for conviction, or if upon more than one, which of them? It is fundamental that the accused must be fully and plainly informed of the character and cause of the accusation. The Constitution so requires. Ordinarily, where there are several offenses charged in an indictment, the State should be required to elect on which it relies for conviction. This is ample protection for the accused from an embarrassment. *State* v. *Jarrell*, 76 W. Va. 263. A bill of particulars is for the purpose of furnishing details omitted from the accusation or indictment, to which the defendant is entitled before trial. The application therefor is addressed to the sound discretion of the trial court, and it must be clear that this discretion has been abused to the prejudice of the accused before an appellate court will reverse. 2 Bishop's New Crim. Proced. sec. 643.

"It is a matter of sound, but not arbitrary discretion." *State* v. *Lewis,* 69 W. Va. 473.    Can we say that defendant has been prejudiced?    Will we reverse for the error, if such it was?    The record discloses no attempt to show that he had manufactured, sold, offered, or exposed for sale the liquors found on his premises.    The offense consisted of keeping and secretly storing these various quantities of liquors, strongly evidencing an unlawful purpose.    He did not attempt to explain how the liquors happened to be there, or for what purpose they were secreted.    He knew they were there.    He does not deny knowledge of their presence. It would have been futile to do so in face of his effort to destroy the jars secreted under the straw in the bed, and his attempt to prevent the officers from obtaining it.    Moreover, he had been tried before the justice where these officers testified, and he was fully cognizant of the facts.    A bill of particulars cannot be demanded where unnecessary or where the party already knows the facts.    3 Ency. Pl. and Pr. pp. 527, 529.    He does not claim to have been taken by surprise by the evidence produced.    Had there been evidence of manufacturing or selling or offering for sale, which he was not prepared to meet, there might have been error.    Where it appears that a party is not aggrieved, error is harmless.    In view of the trial before the justice of the peace where the accused was represented by counsel and the case fully developed, can we say that the trial judge abused his discretion?    "Generally, the granting or refusing of a motion for a bill of particulars is considered to be a matter within the sound discretion of the trial court."    14 R. C. L. p. 190, sec. 36.    Under these facts we do not think the circuit court erred in overruling the motion.    "Where a defendant has had a full, fair trial upon indictment for a felony, the appellate court will not reverse the judgment and set aside the verdict rendered after such trial, for an error in not enforcing a rule of practice in the trial of the case, when it clearly appears from the whole case that the rights of the defendant could not possibly have been prejudiced or affected thereby."    *State* v. *Bickle,* 53 W. Va. 597.

The next ground of error is that witness Lanham was permitted to give testimony attacking the general reputation of defehdant as a peaceful and law abiding citizen in the community, and to state that he had heard it said generally that defendant was in the "moonshine" business, and engaged in selling liquor, "hauling liquor to town and selling." Also that he was permitted to detail conversations between himself and other officers on their way to defendant's house in which it was stated that defendant was a dangerous man and had said that he would not be arrested. The prosecution seeks to justify this character evidence on the theory that it was proper in order to. account for the rifles and pistols with which the officers were armed. Defendant had not put his character in issue. It is clear that this evidence was inadmissible and prejudicial. *State* v. *Sheppard,* 49 W. Va. 584; Wharton Ev., sec. 64, and cases cited; 8 R. C. L. p. 212. "The prosecution in a criminal case is not allowed to resort to the accused's bad character as a basis of inference of his guilt; the reason being that such evidence is too likely to move the jury to condemnation, irrespective of his actual guilt of the offense charged." 1 Greenleaf Ev. (16th Ed.) sec. 14-b. This rule of evidence is too well established to need citation of authority. The officers did not need justification for being armed. They are permitted to carry arms under the law. Why they were armed was not pertinent to the issue, and could throw no light upon the guilt or innocence of the accused. The statements of the officers about the dangerous character of the prisoner, and what they would do, when on their way to make the arrest, falls under the same condemnation.

The next ground of error is that the State's instruction No. 1, which told the jury that the finding of the liquors in the home and on the premises of defendant by the officers under the search warrant was prima facie evidence of the unlawful selling and keeping and storing for sale of same by defendant, does not correctly propound the law and was prejudicial error. It is asserted that the finding of such liquors, under the circumstances detailed, is not prima facie evidence of the unlawful selling and storing for sale, and

*State* v. *Sixo,* 77 W. Va. 243, is cited to sustain that asser-
tion.  As pointed out in *State* v. *Tincher,* 81 W. Va. 441, the
Sixo  case dealt with a different provision of the prohibition
law.  The provision there involved prohibited the bringing
of liquor into the State in excess of one-half gallon, except
in labelled containers etc.  In that case there was no search
or seizure, and no question of concealment.  Under sec. 7,
chap. 32 A, Code, 1918, it is provided, ''that in case of search
and seizure, the finding of any liquors shall be prima facie
evidence that the same are being kept and stored for un-
lawful purposes'', and, in section 11 of the same chapter
we find that whenever any liquors shall be seized in any
room, building or place which has been searched under the
provisions of the Act, ''the finding \* \* \* shall be prima
facie evidence of the unlawful selling and keeping and
storing for sale of the same by the persons occupying such
premises.''  The validity of such statutes has been uniformly
upheld as a proper exercise of the police power of the States.
Black on Int. Liq., secs. 60, 525.  We find no error in this
instruction.

Instruction No. 2 for the State is erroneous in that it
leaves out the element of reasonable doubt.  That instruc-
tion reads:  ''The Court instructs the jury that under the
provisions of the prohibition law of this State, the finding
of intoxicating liquors on the premises of the defendant
by the officers of the law under a search and seizure war-
rant makes a *prima facie* case, and if the defendant would
remove this presumption, the burden is on him to show
by a preponderance of the evidence that he had said liquors
for a lawful purpose.''  The instruction is loosely drawn.
It tells the jury that the finding by the officers of intoxicat-
ing liquors on defendant's premises under a search warrant
''makes a prima facie case.''  What is meant by a ''prima
facie case''?  Possibly it meant that such finding was prima
facie proof of the offenses charged in the warrant.  It should
so state.  But the weakness and insufficiency of the instruc-
tion lies in the assumption that defendant must remove this
presumption by a preponderance of the evidence, leaving
out the qualification that if his evidence of the lawful pos-

session of the liquors creates a reasonable doubt of his guilt as charged, then he should be acquitted. The burden of proof to remove the prima facie presumption is upon defendant, but if his evidence in support thereof creates in the minds of the jury a reasonable doubt in his favor that such liquors were in his possession lawfully, he should be acquitted. *State* v. *Parsons,* decided at this term; *State* v. *Lowery,* 42 W. Va. 205. The instruction as given might have led the jury to believe that defendant must prove beyond a reasonable doubt his possession of the liquors for a lawful purpose. The burden of proving guilt beyond a reasonable doubt remains with the prosecution throughout the trial, and this plain and simple requirement of the law should be given in any instruction which tells the jury that the burden of proof shifts to the defendant to rebut a prima facie presumption of guilt. While instruction No. 5 given for defendant correctly propounds the doctrine of reasonable doubt, the defect in instruction No. 2 for the State may have misled the jury to the prejudice of the prisoner.

We preceive no error in State's instruction No. 3, which instructs the jury that they are the sole judges of the credibility of the witnesses and the weight to be given to their testimony; and telling them that they have the right to take into consideration the conduct and appearance of the witnesses, and their interests and motives in testifying, in weighing their evidence and arriving at a verdict.

The judgment will be reversed, the verdict set aside and a new trial awarded.

*Reversed and remanded.*