# CHARLESTON.

## STATE v. ROSA BEVINS.

Submitted May 22, 1923. Decided June 19, 1923.

1. INTOXICATING LIQUORS—*Indictment Charging Second Offense of Possession of Moonshine Liquor Held Sufficient.*

    The indictment in this case, charging defendant with the second offense of having in her possession moonshine liquor, punishable under the statute by confinement in the state penitentiary, is good as an indictment for such second offense, and the motion to quash was properly overruled. (p. 345).

2. CRIMINAL LAW—*Misdemeanor Limitations Held Applicable to Second Offense Charging Possession of Liquor.*

    The statute of limitations of one year applicable to misdemeanors is applicable to the second offense charged in the indictment, although made punishable by confinement in the penitentiary. (p. 345).

Error to Circuit Court, Mingo County.

Rosa Bevins was convicted of the second offense of the unlawful possession of moonshine liquor,· and she brings error.

*Reversed and remanded.*

*F. H. Evans* and *W. H. D. Preece* for plaintiff in error.

MILLER, PRESIDENT:

The indictment charges that defendant "on the 17th day of December, 1921, in the said county of Mingo, and within one year next prior to the finding of this indictment, did unlawfully and feloniously have in her possession a certain quantity of moonshine liquor;" and further, that prior to that time, on the 13th day of January, 1920, she was, before a justice of the peace of said county, convicted and punished by fine and imprisonment in the county jail, for having had in her possession a quantity of moonshine liquor. The indictment was found at the January term 1922, of the circuit court. There was a motion to quash the indictment, but we think it good upon its face. *State* v. *Hoilman,* 82 W. Va. 98; *State* v. *Vendetta,* 86 W. Va. 186.

On the trial before a jury, the verdict was: "We, the jury, agree and find the defendant Rosa Bevins guilty as charged in the within indictment." The judgment now complained of was that the defendant be confined in the State penitentiary for the period of one year.

There was a motion in the court below to set aside the verdict because the same was contrary to law and the evidence, and also in arrest of judgment, which the court overruled.

The proof shows that the offense with which defendant is charged in the present indictment, if committed, was committed March 22, 1920, more than one year prior to the finding of the indictment.

The controlling question presented alone by the motion to set aside the verdict is whether the offense charged and proven was barred by the statute of limitations of one year

at the time the indictment was found. In itself the offense charged is a misdemeanor, but by the repetition of the previous offense charged, and by statute made punishable by confinement in the state penitentiary, the question is presented whether the statute of limitations of one year applies.

Our opinion is that the statute applicable to misdemeanors does apply, although the offense, by reason of the former conviction of a like offense, is made punishable by confinement in the penitentiary. In *State* v. *Brown,* 91 W. Va. 187, where there had been three former convictions for unlawfully carrying of deadly weapons, the last two of which had been punished by confinement in the penitentiary as provided by section 7 of chapter 148 of the Code, we held that the statute relating to the repetition of felonies and making the third felony punishable by confinement in the penitentiary for life was not applicable. In the case of *Stover* v. *Commonwealth,* 92 Va. 874, it was held that one cannot be sentenced for life unless it appears that the previous offenses were made felonies in themselves, and not made so in the particular case because of prior convictions. Upon the same principle and by analogy of reasoning we think the statute of limitations of one year is applicable to the offense charged and proven on the indictment in this case.

This conclusion being decisive of the entire case, the other questions raised need not be decided.

The judgment will be reversed, the verdict set aside and the defendant awarded a new trial.

*Reversed and remanded.*