# CHARLESTON.

## STATE v. JOHN ZINK.

### (C. C. 319.)

Submitted January 20, 1925. Decided January 27, 1925.

1. INDICTMENT AND INFORMATION—*Indictment Properly Charging Former Conviction for Possession of Liquor and Charging Second Offense Held Good on Demurrer.*

> An indictment properly charging a former conviction of defendant of the offense of having in his possession a quantity of moonshine liquor and properly charging a "second offense," namely, that defendant did unlawfully and feloniously have in his possession a quantity of moonshine liquor, the date of which is within one year from the former conviction charged, is good upon demurrer. (p. 339).

2. CRIMINAL LAW—*Second Offense of Possessing Liquor is Punishable as Felony.*

> Under Chap. 32-A, Barnes' Code 1923, a second offense of having in possession a quantity of moonshine liquor is punishable as for a felony under the provisions of Sec. 3 thereof, if properly charged and proven. (p. 339).

Case certified from Circuit Court, Marshall County.

John Zink was indicted of having possession of liquor as a second offense. After overruling a demurrer to the indictment, the Circuit Court certified its ruling for review.

*Affirmed.*

*E. T. England,* Attorney General and *R. Dennis Steed,* Assistant Attorney General, for the State.
*Everette F. Moore,* for defendant.

LIVELY, PRESIDENT:

Having overruled a demurrer to the indictment the circuit court, upon joint application of defendant's counsel and the

prosecuting attorney, certified his ruling to this court for review.

The indictment, in substance, charges that defendant, John Zink, at the January term, 1923, of the Circuit Court of Marshall County, was indicted for having in his possession a quantity of moonshine liquor, and was duly tried, convicted and sentenced on said charge at the September term, 1923, thereof; and that said defendant on the ......day of April, 1924, did unlawfully and feloniously have in his possession a quantity of moonshine liquor, against the peace and dignity of the state.

Defendant's counsel contends that Sec. 37, Chap. 29, Acts 1923, which amended and re-enacted Sec. 37 Chap. 32-A, Barnes' Code of 1918, does not make it a felony to again have in possession a quantity of moonshine liquor after a conviction for that offense. The contention is that it is not a felony to again have in possession a quantity of moonshine liquor after having been convicted of that misdemeanor. It is pointed out that Sec. 37 of the Act which makes it a misdemeanor to have in possession moonshine liquor, says nothing about a second offense therefor; whereas, the same section which makes it a misdemeanor to have in possession "mash" provided for additional punishment upon conviction of a second offense, but does not raise it to a felony. A second offense for having "mash" is punished as a misdemeanor, but more severely than for the first offense. It is argued, therefore, it was not the intention of the legislature to impose any additional punishment upon one who has been convicted a second time for having in possession moonshine liquor; or at least, that the punishment should not be more severe than that imposed upon a second offense of having in possession "mash." This argument is answered by *State* v. *Vendetta*, 86 W. Va. 186, 103 S. E. 53, wherein it is held that under Section 3 of Chap. 32-A, of the Code, upon conviction of the same person for the second offense under the Act, he shall be guilty of a felony and the prosecuting attorney is required to ascertain and charge the second offense in the indictment, if that be the fact; and that though a specific offense be created by later amendment a second offense is punishable as for

a felony under the familiar canon of statutory construction that an amendment to an act is to be construed as if it had been in the act from the beginning. In re-enacting Sec. 37 by the Act of 1923, the legislature was careful to fix the punishment for a second offense for having in possession "mash" for the purpose of making intoxicating liquors, making Sec. 3 apply thereto, but lessening the penalty which would have been imposed under Sec. 3; thus recognizing the principle announced in the Vendetta case, then decided, that without limiting the penalty, the second offense under Sec. 3 would be as for a felony. No such lessening of the penalty for a second offense of having in possession moonshine liquor is found in express terms nor by implication in the amendment of 1923. Further, we have expressly held in *State* v. *Bevins*, 94 W. Va. 344, that a second offense for having in possession moonshine liquor is punishable as for a felony under the statute under consideration. These cases cited answer the question certified. We see no reason for encumbering the reports by repeating reasons and principles heretofore clearly stated.

The ruling of the lower court is affirmed.

*Affirmed.*