# CHARLESTON.

STATE v. JOHN ZINK

(No. 5652)

Submitted November 16, 1926.   Decided November 23, 1926

1.  SEARCH WARRANT—*Search Warrant Issued Upon Information Made Under Oath or Examination as Provided by Section 9 of Chap. 32A, Code, Valid and Constitutional.*

    A search warrant issued upon information made under oath or examination as provided by section 9 of chapter 32A of the Code, is valid and constitutional.   (p. 622.)

2.  SAME—*Where Statute Imposes Increased Penalty for Second Conviction of Statutory Offense, and Requires Fact of*

*Former Conviction to be Alleged in Indictment for Subsequent Offense, State May Introduce Proof of Former Conviction Upon Trial as a Part of Its Evidence in Chief.*

Where a statute imposes an increased penalty for the second conviction of a statutory offense, and requires the fact of the former conviction to be alleged in the indictment for the subsequent offense, the State may introduce proof of the former conviction upon the trial as a part of its evidence in chief. (p. 623.)

3. INSTRUCTION—*Instruction Telling Jury That Moonshine Liquor Found in Defendant's Home is Presumed to be in His Exclusive Possession, Subject to Rebuttal by Evidence, That if They Believe Beyond Reasonable Doubt From All Evidence in Case That There Was in Defendant's Possession Quantity of Moonshine Liquor They Should Find Him Guilty, Does Not Shift to Defendant Burden of Proving Innocence.*

An instruction telling the jury that moonshine liquor found in the defendant's home is presumed to be in his exclusive possession, subject to rebuttal by evidence, and that if they believe beyond a reasonable doubt from all the evidence in the case that there was in the defendant's possession a quantity of moonshine liquor they should find him guilty, does not shift to defendant the burden of proving his innocence. (p. 624.)

4. FORMER CONVICTION—*Plea of Not Guilty to an Indictment Alleging Former Conviction of Defendant Puts in Issue Fact of Former Conviction as Well as the Fact of Subsequent Offense.*

A plea of not guilty to an indictment alleging a former conviction of the defendant puts in issue the fact of the former conviction as well as the fact of the subsequent offense. (p. 623.)

5. MOONSHINE LIQUOR—*Second Offense of Having in Possession Moonshine Liquor, First Offense Being Made Misdemeanor by Section 37, Chap. 32A, Code, Punishable as for Felony Under Provisions of Section 3 of Said Chapter.*

A second offense of having in possession moonshine liquor, the first offense being made a misdemeanor by section 37 of chapter 32A of the Code, is punishable as for a felony under the provisions of section 3 of said chapter. (p. 628.)

Error to Circuit Court Marshall County.

John Zink was convicted for possession of moonshine liquor and he brings error.

*Affirmed.*

*Everett F. Moore,* for plaintiff in error.

*Howard B. Lee,* Attorney General and *R. A. Blessing,* Assistant Attorney General, for the State.

MILLER, JUDGE:

The defendant was tried and convicted on an indictment charging him with unlawfully and feloniously having in his possession a quantity of moonshine liquor. The statute, section 3 of chapter 32A of the Code, makes the first offense under the act a misdemeanor, and the second offense a felony. The indictment alleged a former indictment, trial and convic-. tion, on a charge of having in possession moonshine liquor.

From the evidence it appears that the chief of police of the City of Moundsville, another member of the city police force, and two members of the state department of public safety, found defendant and another man seated in a porch swing on defendant's porch, and informed him that they had a search warrant for his house. The defendant said, "Alright"; and the officers searched the house, finding in a small room adjoining the kitchen, in a cupboard, between the bottom shelf and the floor, four vessels containing moonshine liquor. One of them found on the swing on the front porch a pint bottle of the same kind of liquor, where defendant was seated when the officers arrived. On the trial defendant denied any knowledge of the liquor being in or about his house.

Paul Zink, defendant's son, testified: "Well when I was home on a vacation, I come home Friday about ten minutes to eleven, and went down into the basement in a small kitchen we have there, to warm some coffee up; at that time one of our boarders, Andy Sabo, came home, and we had a cup of coffee, and he asked me if I didn't want a drink; I said, sure, and he said wait 'till I come back. He came back in and brought a flour sack, and I said, 'What are we going to do with all that?' He says, 'Do you know any place to hide it'; I says, 'No'; so we looked all around the house, we went into the kitchen and didn't find anything, and went into the pantry room there, and in this cupboard, and I gets a file and prys the boards up and stuck the bottles in there. He

says, don't tell anybody about those bottles, not even your
dad, and I will show you a good time on your vacation.
* * * And on Monday I filled that up, that pint bottle, and
went down First Street to see if I could see some of my
friends and have a drink; I didn't see anybody down there,
and I walked home, and I sat on the swing, and the minute
I sat on the swing I seen the officer in the hallway. * * *
And I jumped out of the swing and jumped over the banis-
ters, and it slipped out of my pants: I run out about twenty
feet, run out the road there, and walked down, and that is the
last I know about it." This witness testified that his father
knew nothing about the liquor. Anthony Sabo was drowned,
and was buried on the day following the search and the
arrest of the defendant. Paul Zink testified that Sabo left
the house on Saturday, with a bottle of liquor, saying he was
going down on Water Street to meet some friends, and he
never saw him after that time. The search and arrest were
made the following Wednesday.

First, it is urged that a search warrant based on section 9
of chapter 32A of the Code is not due process of law, because
of the failure of the affidavit or complaint upon which the
same is based to show evidentiary facts of probable cause,
rendering it unconstitutional and void. This question was
fully discussed in *State* v. *Keys*, 92 W. Va. 277, and *State* v.
*Hornor, Id.* 785, where it was held that such a warrant in the
form prescribed by the statute is valid and constitutional.

The next point of error cited is that the court permitted
the prosecuting attorney, in his opening statement to the
jury, to inform them that he expected to prove that defendant
had been previously convicted on a charge of having in his
possession moonshine liquor, and permitted evidence of such
former conviction to go to the jury before they had passed
upon the subsequent offense.

The statute, section 3 of Chapter 32A of the Code, provides
that: "if it be a second offense, it shall be so stated in the
indictment returned, and the prosecuting attorney shall in-
troduce the record evidence before the trial court of the con-
viction of said first offense, and shall not be permitted to use

his discretion in charging said second offense, or in introducing evidence and proving the same on the trial." It is said the evidence of the former conviction will prejudice the defendant in the minds of the jury. "Notwithstanding this it is always proper, in the absence of a statute providing a contrary rule, that the indictment should be before the jury and read to them. And usually the State is permitted to put in the record of the prior conviction as a part of its case before the verdict is reached on the substantive crime." Underhill's Criminal Evidence, (Third Edition), §§ 776, 778; 16 C. J. 1344-1347; *Johnson* v. *People,* 55 N. Y. 512; *Kane* v. *Commonwealth,* 109 Pa. St. 541; *Davis* v. *State,* 134 Wis. 632; *People* v. *Sickles,* 26 App. Div. 470, affirmed 156 N. Y. 541; *State* v. *Royal,* 94 W. Va. 617, 623. Our statute requires the fact of the former conviction to be stated in the indictment for the subsequent offense; and the prosecuting attorney must introduce the record evidence of the former conviction. The purpose of this evidence is not to attack the defendant's character, but to prove the charge laid in the indictment, in order to raise the crime to a felony. The cases cited by counsel for defendant were where the defendant's character was put in issue by evidence of former unrelated crimes. While the rule in England and some of the American jurisdictions, controlled by statute or rules or procedure, requires the evidence of the former conviction to be laid before the court or jury after conviction of the subsequent offense, our statute does not contemplate such procedure. Before the passage of the English statute requiring the evidence of the former conviction to be introduced after the jury had found the defendant guilty of the substantive offense charged, the Courts had held that the Crown might introduce such evidence as a part of its evidence in chief. The weight of authority is that evidence of the former conviction may be introduced by the State before the jury have considered the evidence of the subsequent offense, unless controlled by statute.

Exception was taken to the giving of State's instruction number 1, as follows: "The court instructs the jury that it is unlawful for one to have in his possession any quantity of

moonshine liquor; therefore if you believe beyond a reasonable doubt from all the evidence in this case that the defendant did have in his possession any quantity of moonshine liquor, as alleged in the indictment in this case, and you further find from the evidence beyond a reasonable doubt, that the defendant has been previously convicted of a violation of the prohibition law of this State as alleged in the indictment in this case, it is your duty to find the defendant guilty as charged in said indictment.'' It is urged that this instruction should have laid before the jury the question of criminal intent. This is not a binding instruction; and defendant's theory of knowledge and intent was fully covered by his instructions numbers 15, 16, and 17, which told the jury that they must find that defendant consciously and willingly possessed moonshine liquor, and that it was not brought into his house in his absence, or without his knowledge or consent.

State's instruction number 2, complained of, told the jury that any moonshine liquor found in defendant's home was presumed to be his exclusive property and in his exclusive possession, though subject to rebuttal by evidence, and that if they believed beyond a reasonable doubt from all the evidence in the case that there was in the possession of the defendant moonshine liquor, he was guilty of the offense. The objection to this instruction is that it shifted the burden of proof onto the defendant. The case of *State* v. *Counts,* 90 W. Va. 338, was reversed because the court instructed the jury that the finding of intoxicating liquors on the premises of the defendant made a *prima facie* case, and if the defendant would remove the *presumption,* the *burden* was on him to show by a *preponderance of the evidence* that he had such liquors for a lawful purpose. In the opinion in that case the court said: ''The instruction as given might have led the jury to believe that defendant must prove beyond a reasonable doubt his possession of the liquors for a lawful purpose. The burden of proving guilt beyond a reasonable doubt remains with the prosecution throughout the trial, and this plain and simple requirement of the law should be given in any instruction which tells the jury that the burden of proof shifts to

the defendant to rebut a *prima facie* presumption of guilt.''
Here the instruction did not tell the jury that the defendant
must remove the presumption by a preponderance of the
evidence, but that they must believe beyond a reasonable
doubt from all the evidence that he had in his possession
moonshine liquor before they could find him guilty.  And *in*
this case possession is the offense, while in the *Counts* case
the statute made the finding of liquors on defendant's prem-
ises *prima facie* evidence that the same were kept and stored
for unlawful purposes.  The larceny and burglary cases cited
by counsel are inapplicable.  The question in those cases was
not the possession of the stolen goods, but the taking of them.

The next point of error is that the trial court erred in
giving State's instruction number 3, as follows: ''The court
instructs the jury that you are the sole judges of the weight
of the testimony of any witness who has testified before you
in this case, and that, in ascertaining such weight, you have
the right to take into consideration the credibility of such
witness as disclosed from his evidence, his manner of testify-
ing and demeanor upon the witness stand, and his apparent
interest, if any, in the result of the case.  And if you believe
that any witness has testified falsely as to any material fact,
you have the right to disregard all the testimony of such
witness so testifying falsely, or to give to his testimony or any
part thereof such weight only, as the same in your opinion
may be entitled to.''  This instruction has been sustained a
number of times by this court.  *State* v. *Thompson*, 21 W. Va.
741; *State* v. *Staley*, 45 W. Va. 792; *State* v. *Roberts*, 50 W.
Va. 422; *State* v. *Owens*, 96 W. Va. 308.  In the case of
*State* v. *Ringer*, 84 W. Va. 546, relied on by defendant's
counsel, the instruction told the jury that they might ''believe
or refuse to believe any witness, and that when passing upon
that credibility of witnesses they may take into consideration
his interest in the matter in controversy, the reasonableness or
unreasonableness of his statement, his bias or prejudice in the
matter, if any appear, and his demeanor upon the witness
stand,'' but did not contain the clause, ''or give to his testi-
mony or any part thereof such weight only as the same in
your opinion may be entitled to.''

Next, it is contended that the evidence was wholly insufficient to support the verdict, because circumstantial, and did not exclude to a moral certainty every hypothesis inconsistent with the guilt of the accused. The fact that the liquor was found on defendant's premises, in his home, where he is presumed to have exclusive dominion and control, was fully established by the evidence, not controverted. That the liquor was there is certain. Defendant pleaded ignorance of the fact that it was in his house, and sought to prove by his son that the latter and another person, dead at the time of the trial, had hidden it there. Paul Zink testified that his father knew nothing about the liquor. This was, of course, negative testimony. How could the son swear positively that the father, living in the house, had not seen the liquor at some time between Friday and Wednesday, or learned of its being there? Then, there was the bottle on the porch swing, where defendant was sitting when the officers arrived. None of the officers remembered seeing Paul Zink on the premises at the time of the search. Defendant did not testify that the son was present at the time of the search, or while the officers were at his home. There was no attempt to prove by anyone but himself that Paul Zink had opportunity to drop the pint bottle on the swing. Clearly the jury disbelieved Paul Zink's story.

The jury were fully instructed on the question of circumstantial evidence; that it should be scanned and considered with caution; that every reasonable inference to be drawn therefrom should be consistent with the facts proved and the accused's innocence; and that "before there can be a verdict of guilty in this case, the circumstances proved should to a moral certainty and beyond reasonable doubt exclude every hypothesis or supposition but that of guilt; and if the jury can draw any reference or supposition from the facts and circumstances proved, consistent with the innocence of the accused, then the jury find him not guilty."

This is not a case where a complete chain of circumstances is necessary to prove a crime. The offense in this case was possession of moonshine liquor. It is admitted that the con-

traband article was found in defendant's home. Evidently
the jury were not satisfied with his explanation of why it was
there, and from all the evidence believed him guilty as
charged. On the testimony introduced and the inferences to
be drawn from the facts and circumstances presented to the
jury, after proper instructions by the court, they found de-
fendant guilty. They and the court saw and heard the wit-
nesses testify. The court overruled a motion for a new trial.
We can not say that the jury and the court erred in finding
the evidence sufficient to prove the offense charged.

It is argued that the plea of "not guilty" did not put in
issue the charge of the former conviction, wherefore, the
verdict being general, the jury found the defendant guilty
of the subsequent offense only, and the court was without
jurisdiction to pronounce a sentence as for a felony. The
statute requires the former conviction to be alleged in the
indictment, as a necessary element to make the subsequent
act charged a felony. By the plea of "not guilty" defendant
denied all facts alleged. The indictment followed the form
of the statute, and charged that defendant "did unlawfully
and feloniously have in his possession a quantity of moon-
shine liquor." Defendant pleaded that he was "not guilty as
charged therein." The jury were instructed that they must
find beyond a reasonable doubt that defendant had been prev-
iously convicted to find him guilty of the present charge.
Their verdict was: "We the jury find the defendant, John
Zink, guilty as charged in the within indictment." There
can be no doubt that the jury found upon both issues. It
was their duty to do so under the instructions. "A plea of
not guilty to an indictment alleging a former conviction of
defendant puts in issue not only all matters of fact essential
to the crime for which he is being tried, but also the fact of
the alleged former conviction." 16 C. J. 1346; Underhill's
Criminal Evidence, (Third Edition), § 777; Ann. Cas.
1912-A, note p. 1001; *People* v. *Sickles, supra.* We are cited
to - the case of *Thomas* v. *Commonwealth,* 22 Gratt. 912
(1872), where it was held that the plea of "not guilty" did
not put in issue the allegation of the previous conviction and

sentence of the defendant, and that the verdict of "guilty" simply, did not respond to the allegation. That decision was based on the statute requiring the former conviction to be "admitted or by the jury found," to warrant confinement in the penitentiary for petit larceny. If not wholly based on the statute, that case seems to be at variance with the weight of authority, as cited above.

It is argued that because section 37 of chapter 32A, making the possession of moonshine liquor an offense, was enacted subsequent to the passage of section 3 thereof, making the second offense under the original act a felony, said section 3 can not apply to the offense created by section 37. Chapter 29, Acts 1923, by its title purports to amend and re-enact sections 4 and 37 of Chapter 32A, Barnes' Code; and section 37 of the act recites that section 3 of said chapter 32A "shall apply to and govern the offense under this section." And in *State* v. *John Zink,* 98 W. Va. 338, it was held: "Under Chapter 32A Barnes' Code 1923, a second offense of having in possession a quantity of moonshine liquor is punishable as for a felony under the provisions of section 3 thereof, if properly charged and proven. In *State* v. *Vandetta,* 86 W. Va. 186, where a similar question was raised as to the application of section 3 to an offense under section 31 of the same chapter, it was held: "An amendment of a statute should generally be construed as if it had been included in the original act."

The judgment will be affirmed.

*Affirmed.*