# CHARLESTON.

STATE *v.* JAMES BROWNING

(No. 6366)

Submitted February 18, 1930. Decided March 4, 1930.

*Marks & Damron,* and *Jacob D. Smith,* for plaintiff in error.
*Howard B. Lee,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

LIVELY, PRESIDENT:

On August 13, 1928, defendant, James Browning, was convicted of the felonious and unlawful possession of "mash" as a second offense under the provisions of section 3, Chapter 32-A, Code, as amended, and he prosecutes this writ of error.

The indictment charges that Browning at the November Special Term, 1925, of the circuit court of Lincoln county, was indicted, afterward tried and convicted at the March Term, 1926, upon a charge of possession of a quantity of moonshine whiskey, and was sentenced to pay a fine and serve a sentence in the county jail; and further that on June 12, 1926, he did feloniously and unlawfully make and have in his possession, and under his control, and did have an interest in a mixture of fermenting substances and materials commonly known as "mash", against the peace and dignity of the State.

A demurrer to the indictment was interposed, overruled, defendant plead not guilty and was placed upon trial. The substance of the evidence introduced in behalf of the state, defendant offering no evidence whatever, was that three officers, making investigations, observed defendant stirring something in a barrel near a spring. They concealed themselves at advantageous points in the bushes and woods in the vicinity so as to apprehend him if he should flee in either of three directions, and upon a trip he was making from the barrel to the spring with a bucket, he was apprehended and put under arrest by one of the officers. The others then assembled and they went back to the barrel which was found to contain meal mixed with water and sugar, and there appeared on the

ground, near the barrel, yeast wrappers. The officers testified that the mixture was composed of meal, water and sugar, but could not state definitely whether any yeast had been placed therein. Defendant admitted possession and ownership of the mixture and told the officers that he had been out of work for some time and needed money and thought he would make a little "run"; and if they had come a few days later they would have found him making moonshine whiskey. The record of the indictment, trial, conviction and sentence of defendant upon a charge of possession of a quantity of moonshine whiskey was introduced over the objection of the defendant. Defendant, as above stated, offered no evidence, but tendered instructions and the jury promptly returned a verdict of guilty as charged in the indictment. A motion to set aside the verdict as contrary to the law and evidence, and a motion in arrest of judgment was each overruled, and defendant was sentenced to confinement in the penitentiary for two and one-half years.

The point is made in defendant's brief that the indictment charges defendant as follows: "did unlawfully make, or have in his possession, or on his premises, or on the premises of another or under his control, or an interest in a mixture of fermenting substance commonly known as 'mash', against the peace and dignity of the State", and therefore that the use of the disjunctive form made the indictment bad for uncertainty, citing *State* v. *Miller,* 68 W. Va. 38, 69 S. E. 365. This is evidently a misapprehension of the indictment for the indictment uses the conjunctive instead of disjunctive, and is in the form given by the statute for an indictment for mash as found in section 37 of Chapter 32-A of the Code. Such an indictment is not void for uncertainty or duplicity. *State* v. *Counts,* 90 W. Va. 338, 110 S. E. 812.

The next point of error is that the evidence fails to show that the substance which the barrel contained would result in fermentation, and that it was not shown that the substances therein contained were actually fermenting at the time the officers found it. While one of the officers could not say that the mixture was actually in state of fermentation, or had actually begun to "work", as he expressed it, another of

them testified that it was in a state of fermentation, although it had been very recently mixed in the barrel. However, two stated that such combination of materials was the usual way of making mash and was capable of producing moonshine liquor, testifying from their experience in such matters. This evidence was sufficient to show a violation of the statute. It conclusively appears that the mixture was made for the purpose of making a "run", that is, the making of moonshine whiskey. It is the possession, ownership or control of such mixtures against which the statute inveighs. The statute uses the words "fermenting substances". It would be highly technical to interpret this statute to mean that before the substances are put together they must be fermenting. It is not clearly shown at what time the substances so mixed would begin to ferment. According to one of the witnesses, it was fermenting at the time of the arrest. Presumably, the chemical action would at once be put in process. But the spirit of the act is to prevent the possession, ownership, etc. of these substances mixed together out of which liquor can be made by fermentation or distillation. *State* v. *Patachas,* 96 W. Va. 203, 122 S. E. 545. The evidence sustains a conviction of possession and ownership of that which is commonly known as mash, for the purpose of making intoxicating liquor.

But does the indictment and evidence thereon warrant a conviction for felony as for a second offense? This is a proposition about which we have had some trouble. The indictment charges that Browning was previously convicted of having in his possession a quantity of moonshine whiskey, and subsequent to that conviction, had in his possession, and had an interest in "mash". Can the conviction for possession of moonshine whiskey be the basis for predicating a felony charge having in possession "mash" as a second offense? If not, the motion to exclude the evidence of the first conviction, or objection to its introduction overruled is tantamount to a motion to instruct the jury to disregard that portion of the indictment charging the first conviction. *Rand* v. *Commonwealth,* 9 Grat. (Va.) 738, 750.

Section 3 of Chapter 32-A, Code, as amended, and reenacted says that if a person shall sell, keep, store, offer or expose for

sale or solicit or receive orders for any liquors he shall be fined and imprisoned in the county jail; "and upon conviction of the same person for the second offense under this act" he shall be punished as for a felony. Construing that act in *State* v. *Vendetta,* 86 W. Va. 186, 103 S. E. 53, this Court held that the "second offense" was not confined to the same offense set out in section 3, but included an offense under section 31, placed in the act by later amendment, namely, the offense of bringing and carrying intoxicating liquors in excess of one quart from one place to another place in the county for personal use. Later, in *State* v. *Bevins,* 94 W. Va. 344, 118 S. E. 342, one Rosa Bevins was indicted for having in possession a quantity of moonshine liquor and the indictment charged that she had previously been convicted of having in her possession moonshine liquors; and the conviction therein had as for a second offense was upheld. Later, in the certified case of *State* v. *Zink,* 98 W. Va. 338, 126 S. E. 561, we held that a second offense of having in possession moonshine liquor was punishable as a felony where it was charged in the indictment that the defendant had been previously convicted of having possession of moonshine liquor. In the recent case of *State* v. *Girod,* 106 W. Va. 194, 145 S. E. 269, the second offense was there treated as having been one prohibited by section 3, whereas, in fact, it was for the possession of moonshine liquor under section 37, but the effect is the same, for all provisions of the statute relating to the possession and ownership of liquors and convictions therefor must be read together for proper construction. That felony conviction was upheld. All of these decisions cited are based on first conviction for possession of liquors, and upon convictions for a second offense of having in possession liquors subsequently to the first conviction. But will a first conviction for having in possession liquors elevate a subsequent conviction for having in possession "mash" into a felony? It is true that section 37, as amended by Chapter 29, Acts of 1923, provides penalties for a first and second offense for the possession of mash and does not elevate the second offense into a felony, only making a severer punishment by fine and imprisonment in the county jail. That specific provisions for

second offenses would be made was contemplated by section 3, which is general in its nature covering all second offenses under the act ''except as hereinafter provided''. We can see no good reason for holding that possession of mash cannot be considered as a second offense where the same person has previously been convicted of having in possession intoxicating liquors. They are clearly related offenses, and the punishment therefor is the same in both cases, namely, ''confined in the county jail not less than two months nor more than six months and fined not less than one hundred dollars nor more than five hundred dollars.'' The definition of liquors, found in section 1 of Chapter 32-A, Code, is very comprehensive and includes all liquids, mixtures or preparations which will produce intoxications. Mash, when it has reached a certain state of fermentation, will produce intoxication. In construing a statute the causes which led to its enactment and the evils to be corrected should always be considered. *State* v. *Cain,* 9 W. Va. 559, 568; *Fox* v. *Commonwealth,* 16 Grat. (Va.) 1. By section 23 of the act (Chapter 32-A, Code), the entire act is declared to be an exercise of the police powers of the state for the protection of public health, peace and morals, and that all of its provisions shall be liberally construed for the attainment of that purpose. On the whole, we conclude that the indictment is good as charging a felony, and that possession of mash by a person who has previously been convicted for possession of liquors, the previous conviction being properly charged and proven, constitutes a second offense within the meaning and spirit of the act.

*Affirmed.*