# CHARLESTON.

STATE v. HOILMAN.

Submitted March 5, 1918.    Decided March 19, 1918.

1.  INDICTMENT AND INFORMATION—*Second Offense—Sufficiency.*

An indictment under Sec. 3, Ch. 32A, Code, known as the Prohibition Act, alleging the facts and circumstances of a former conviction, from which it clearly appears by necessary inference, that the accused was tried and convicted for a previous violation of the same statute, by the mayor of a certain city clothed with the jurisdiction of a justice of the peace and acting in such capacity, and that, after such former conviction and within one year next prior to the finding of the indictment, the accused "did unlawfully and feloniously manufacture, sell, offer, keep, store and expose for sale, and solicit and receive orders for liquors and absinthe, and drinks compounded with absinthe, against the peace and dignity of the state," sufficiently charges a "second offense" and is good on demurrer.    (p. 99).

2.  CRIMINAL LAW—*Parol Evidence—Judicial Record.*

The mayor having styled the proceedings in his docket "City of Logan, West Virginia vs. W. E. Hoilman," and signed it as mayor only, parol evidence is admissible to explain the record, and supply omissions therein, it appearing from a copy of his warrant that he presided at such trial in the capacity of justice of the peace. (p. 102).

3.  SAME—*Summary Conviction—Judgment—Construction.*

In such case the warrant should be read in connection with the mayor's docket to ascertain the crime of which the accused was convicted, it appearing from the judgment that the accused was found guilty "as charged in the warrant."    (p. 102).

Error to Circuit Court, Logan County.

W. E. Hoilman was convicted of the second offense of selling intoxicating liquor in violation of the statute, and he brings error.

*Affirmed.*

*J. B. Wilkinson,* for plaintiff in error.

*E. T. England,* Attorney General, *Charles Ritchie,* Assistant Attorney General, and *Jno. T. Simms,* for the State.

WILLIAMS, JUDGE:

At the April term, 1917, of the circuit court of Logan county W. E. Hoilman was convicted of the "second offense" of selling intoxicating liquors in violation of the statute, Sec. 3, Ch. 32A, Barnes' Code, and sentenced to confinement in the penitentiary for a term of two years. On petition to this court a writ of error was awarded.

The record presents but two questions: (1) Whether the indictment is sufficient, and (2) whether a certified copy of the record from the docket of the mayor of the City of Logan proves a previous conviction for violating the same statute; in other words, whether the first offense is established by that record.

The statute provides that, for the first offense, the accused shall be deemed guilty of a misdemeanor and prescribes the penalty therefor, and then proceeds as follows: "and upon conviction of the same person for the second offense under this act, he shall be guilty of a felony and be confined in the penitentiary not less than one nor more than five years; and it shall be the duty of the prosecuting attorney in all cases to ascertain whether or not the charge made by the grand jury is the first or second offense; and if it be a second offense, it shall be so stated in the indictment returned, and the prosecuting attorney shall introduce the record evidence before the trial court of said second offense, and shall not be permitted to use his discretion in charging said second offense, or in introducing evidence and proving the same on the trial."

A demurrer and motion to quash the indictment were overruled, and defendant was put upon trial.

It is insisted by his counsel that the indictment does not sufficiently allege the "second offense", because it fails to aver the following essential facts, viz.: (a) Jurisdiction in the court that convicted him for the first offense; (b) the identity of the prisoner as the person formerly convicted; and (c) that the first conviction was for a violation of Sec. 3, Ch. 32A, Code.

The indictment charges, "that on the 21st day of December, 1915, Don Chafin made information and complaint upon

oath before J. B. Wilkinson, Jr., Mayor of the City of Logan, Logan County, West Virginia, and as such ex officio Justice of the peace, that W. E. Hoilman, on the 18th day of December, 1915, in the city of Logan, County and State aforesaid, and within one year next preceding said complaint, did unlawfully manufacture, sell, offer, keep, store and expose for sale, and solicit and receive orders for liquors, and absinthe, and drinks compounded with absinthe, and upon said complaint, the said J. B. Wilkinson, Jr., Mayor of the said city of Logan, and ex officio Justice of the Peace of the said county, issued a warrant under his hand, dated the 21st day of December, 1915, and directed to any constable of said county, commanding said constable in the name of the State of West Virginia, to forthwith apprehend the said W. E. Hoilman and bring him before the said J. B. Wilkinson, Jr., Mayor and ex officio Justice of the Peace as aforesaid, to answer said charge, and to be dealt with in relation thereto as the law directs. That on the day and year last aforesaid, the said W. E. Hoilman, was apprehended by a constable of said county, intrusted with the execution of said warrant, and brought before the said J. B. Wilkinson, Jr., Mayor and ex officio Justice of the Peace, as aforesaid, at the office of the said mayor in the said city of Logan, County and State aforesaid, to answer the charge contained in said warrant against him, and was then and there arraigned before the said J. B. Wilkinson, Jr., Mayor and ex officio Justice of the Peace, upon said warrant, and to the charge therein contained against him, the said W. E. Hoilman entered a plea of not guilty, as charged in said warrant.

"Thereupon, and then and there, the said W. E. Hoilman was placed upon his trial before the said mayor and ex officio Justice of the Peace on said warrant of arrest and the said mayor and ex officio Justice of the Peace then and there proceeded to hear all the evidence introduced in the case, both for and against the said W. E. Hoilman, touching the matters charged against the said W. E. Hoilman in the said warrant of arrest, and having heard and considered said evidence, the said J. B. Wilkinson, Jr., Mayor and ex officio Justice of the Peace as aforesaid, found the said W. E. Hoil-

man guilty as charged in said warrant of arrest, and adjudged the said W. E. Hoilman to pay a fine of $100.00, and to be confined in the jail of Logan County, West Virginia, for the term of two months, all of which appears by the record of said proceedings, had before the said J. B. Wilkinson, Jr., mayor and ex officio Justice of the Peace, as aforesaid; and the grand jurors aforesaid in and for the body of the said county of Logan, upon their oaths, do further present that after the aforesaid complaint was made against the said W. E. Hoilman, and after the issuing of the warrant in the manner aforesaid against the said W. E. Hoilman, after the arrest of the said W. E. Hoilman, his arraignment, trial and conviction in the manner and form aforesaid, and within one year next prior to the finding of this indictment in the county of Logan, he, the said W. E. Hoilman, did unlawfully and feloniously manufacture, sell, offer, keep, store, and expose for sale, and solicit and receive orders for liquors and absinthe, and drinks compounded with absinthe, against the peace and dignity of the state.''

The charges in the indictment are full and complete, every material fact necessary to inform the prisoner of the particular offense with which he is charged being alleged. The jurisdiction of the court needed not to be averred. That was a matter of law of which the court will take judicial knowledge; and it is a settled rule of pleading that matters of law need not be averred. The allegations are that the complaint was made before J. B. Wilkinson, Jr., not as mayor, but as a justice of the peace; that he issued his warrant for defendant, caused him to be brought before him and tried him in that official capacity. Sec. 7, Ch. 3, Acts 1907, the charter of the City of Logan, confers upon the mayor the jurisdiction of a justice of the peace within the city.

The indictment also clearly shows that the W. E. Hoilman charged therein with ''unlawfully and feloniously'' manufacturing, selling, etc., is the same person who had been previously convicted for unlawfully selling liquors, for it refers to him by name many times, always designating him as the ''said W. E. Hoilman,'' meaning thereby the same W. E.

Hoilman described in the former part of the indictment as the person who had been previously convicted.

Although the indictment does not charge, in terms, that the former conviction was for a violation of Sec. 3, Ch. 32A, Code, it does charge the specific acts committed on account of which complaint was filed with the mayor of the city of Logan sitting as a justice of the peace; his warrant was directed to "any constable of said county," not to the sergeant or some other police officer of the city, commanding said constable to arrest W. E. Hoilman and bring him before him, to answer "said charge", i. e., the charge of unlawfully manufacturing, selling, etc., liquors, which Don Chafin had made on oath. It also avers he was tried and convicted of the offense with which the warrant charged him, and a penalty of $100 fine and two months imprisonment in jail imposed, which is the minimum penalty for the first conviction under Sec. 3, Ch. 32A, Code. It is further charged that, after he had been convicted of the first offense, defendant again violated the same law, thus necessarily charging him with the "second offense," which is made a felony by the statute, by charging all the essential facts that constitute such second offense. The clear and necessary inference from these facts and circumstances alleged, showing the offense charged, the capacity in which the mayor acted in hearing that charge and the penalty he imposed on the prisoner, is that he was tried for violating Sec. 3, Ch. 32A, Code, and not for violating a city ordinance. Hence, the demurrer and motion to quash were properly overruled.

The next question to be disposed of is whether the record evidence is sufficient to prove a former conviction for violating Sec. 3, Ch. 32A, Code. That statute makes it the duty of the prosecuting attorney to introduce the record evidence of the first conviction, on the trial of an indictment for the second offense. It is the essential evidence to prove the second offense. It is not contended that the testimony of witnesses does not amply prove an unlawful sale of liquor by defendant within a year next preceding the finding of the indictment. But the contention is made that the record of the mayor's office does not prove a prior conviction of defendant for violating the statute prior to the time of committing the

crime charged in the indictment.    Copies of the warrant issued by the mayor and of the proceedings thereon before him, taken from his docket, were read to the jury over defendant's objections and exceptions.    They are as follows:

"State of West Virginia, County of Logan, to-wit: To any constable of said county.

"Whereas Don Chafin has made information and complaint upon oath before me, J. B. Wilkinson, Jr., Mayor of the City of Logan, West Virginia, and as such ex officio Justice of the peace of said city that W. E. Hoilman on the 18th day of December, 1915, in the City of Logan, County and state aforesaid, within one year next to the issuing of the warrant, did unlawfully manufacture, sell, offer, keep, store and expose for sale and solicit and receive orders for liquors, and absinthe and drinks compounded with absinthe, against the peace and dignity of the state.

"These are therefore to command you in the name of the state of West Virginia, to forthwith apprehend the said W. E. Hoilman and bring him before me or some other Justice of the Peace of said county to answer the said charge and to be dealt with in relation thereto as the law directs.

"Given under my hand this 21st day of December, 1915.

J. B. WILKINSON, JR.

"Mayor of the City of Logan, Logan County, West Virginia and Ex Officio Justice of the Peace of said City in Logan County, West Virginia."

"Mayor's Docket, City of Logan, West Virginia_____386
"The City of Logan, West Virginia vs. W. E. Hoilman. Case Number 386.    12-21-1915.

"A crim. action before J. B. Wilkinson, Jr., Mayor of the City of Logan, West Virginia.

"On complaint of Don Chafin against W. E. Hoilman for unlawful retailing, a warrant is issued and directed to any constable of said county.

"The case came on this day to be heard and the defendant pleaded not guilty.    Whereupon the Court proceeded to hear the evidence introduced in said case and after having heard all of the evidence and being of the opinion that the Defen-

dant is guilty as charged in the warrant in said case, doth hereby find said Defendant One hundred dollars ($100.00) and sentences him to 2 months in jail.

"Given under my hand this 12-21-15.

J. B. WILKINSON, JR., Mayor."

The warrant clearly discloses on its face that the offense charged is an offense against the state and not against the city. It charges that it was committed "against the peace and dignity of the state." It also appears with equal clearness that the mayor acted as a justice of the peace, and not as mayor of the city, in issuing said warrant. The warrant of a justice for the arrest of a person charged with an offense of which the justice has jurisdiction performs the functions of an indictment found by a grand jury and should inform the accused with sufficient certainty of the crime with which he is charged to enable him to make his defense. The warrant in this instance did so. The mayor as ex officio justice had jurisdiction to issue it and try the accused, and the warrant is the best evidence of the crime for which he was tried. *Thomas* v. *Commonwealth,* 22 Grat. 912. It was not necessary to designate in the warrant the particular statute which defendant had violated. It was enough to charge the particular act and that it was unlawfully done against the peace and dignity of the state. The prisoner, as well as every other citizen of the state, must take knowledge of its laws.

The Mayor's docket shows that the case was tried and judgment rendered on the same day on which the warrant was issued; that the trial was had on the complaint previously made by Don Chafin against W. E. Hoilman for unlawful retailing, the same charge made in the warrant; that the defendant pleaded not guilty and, after hearing all the evidence, the mayor found the defendant "guilty as charged in the warrant in said case," and imposed on him a fine of $100 and a jail sentence of two months. Apparently the only discrepency between the warrant and the docket is, that the docket styles the case "The City of Logan, West Virginia vs. W. E. Hoilman," and is signed by J. B. Wilkinson, Jr., Mayor. In other words, the docket does not show on its face that he was then acting in the capacity of justice of the

peace. The mayor was examined as a witness for the state and identified defendant as the same person who had been convicted by him, and was permitted to explain, over the objection and exception of defendant, that the styling of the case was a mistake, "because it (was) printed that way in the book," and he simply omitted to change it, that it ought to have been State of West Virginia vs. W. E. Hoilman. He likewise testified that he omitted to designate, after his signature to his docket, the capacity in which he tried the case, and that he tried it as mayor of the city and ex officio justice of the peace of said city. This parole evidence does not contradict, but simply explains the record and supplies omissions that are plainly apparent from the record itself, and was, therefore, competent evidence. The mayor's docket is entitled to no higher dignity than the docket of a justice of the peace, which is not conclusive. Sec. 182, Ch. 50, Code, expressly provides that it shall not be conclusive if errors or omissions be shown. "Where a justice's docket omits to enter a proceeding which should be entered other proper evidence may be admitted to prove the proceeding." *Anderson v. Henry et al.*, 45 W. Va. 319. The testimony of the mayor was clearly admissible to explain the capacity in which he tried the case, and to prove the omission from the record of his proper designation as mayor and ex officio justice of the peace. The judgment is affirmed.

*Affirmed.*