# CHARLESTON.

## DAVIS v. CHEUVRONT.

Submitted February 26, 1918.   Decided March 26, 1918.

1. TRUSTS—*Conveyance—Enforcement.*

   Where a father conveys his land to two of his children jointly, in consideration for the maintenance and support of himself and wife during their lives, expressly providing in the conveyance for such maintenance and support upon the premises and the right to direct the farming while he is able to do so, and the grantees accept the conveyance, a lien or trust is thereby created upon the land in favor of the grantor and his wife, enforcible in equity.   (p. 185).

2. CONTRIBUTION—*Subrogation—Joint   Trust   for   Maintenance   of   Grantor.*

   If during the life of one of the beneficiaries the land is partitioned by suit between the grantees, and one of them discharges more than his fair share of the joint obligation, equity will entertain his suit for contribution against the other and, on the principle of subrogation, will charge the amount which he is entitled to recover against the portion of the land assigned to his joint obligor.   (p. 185).

Certified Questions from Circuit Court, Roane County.

Suit by Emma D. Davis and another against Wm. M. Cheuvront.   Demurrer to bill overruled, and questions of law certified by the circuit court on joint application of counsel for both parties.

*Decree affirmed, and cause remanded.*

*Wm. H. Bishop,* for plaintiffs.
*Harper & Baker,* for defendant.

WILLIAMS, JUDGE:

The question here certified for our consideration is, whether plaintiff's bill presents a proper case for equitable relief.   A demurrer to the bill was overruled, and the questions of law arising thereon were certified to this court by the circuit court of Roane county, on joint application of counsel for the respective parties, under the provisions of Sec. 1, Ch. 135, Barnes' Code.

The suit is brought by Emma D. Davis and William H. Davis, her husband, against William M. Cheuvront. It appears from the averments of the bill and exhibits therewith filed, that Mrs. Davis is a daughter of Christopher and Mary Stutler, both of whom are now deceased, and also a sister-in-law of defendant, he having married her sister many years ago. On October 29th, 1907, Christopher Stutler and Mary his wife conveyed to their daughter the plaintiff, and to defendant jointly, a tract of 118 acres of land, worth about $1,500, in consideration of which the said grantees agreed to pay all debts owing by the grantors and support them during their lives, furnishing them good and wholesome food and proper medical attention and sufficient clothing, the deed ex-. pressly providing that the grantors should have a home on the land and be maintained thereon. The grantees then orally agreed between themselves that Mrs. Davis and her husband should move into the house occupied by her parents and take care of them, furnishing board and clothing, and medical attention when necessary, and defendant was to compensate her for one-half the value of the services thus rendered and for one-half the expenses. They also agreed that each should, at once, pay as much of the debts as they were able to pay, and that plaintiff W. H. Davis should look after renewing such notes as they were not then able to pay, and for any debts paid by him out of his own funds he was to be reimbursed by his wife and the defendant jointly, and after all the debts were paid there was to be an adjustment among the parties. A like agreement was made respecting the funeral expenses. Beginning in October, 1907, plaintiffs maintained, nursed and boarded their parents, providing them with such food and medical attention as they needed during their lives. Christopher Stutler died on the 10th of December, 1907, and his wife on the 26th of September, 1913. Neither of them was able to care for himself or herself during the time plaintiff undertook the care of them. Within one year after the deed was made defendant moved his married son into another house on the land, insisting that, as his tenant, his son should till one-half the farm and, out of the products, contribute defendant's one-half of the sustenance necessary to maintain the

grantors. Nothwithstanding he occupied the house and made use of more than half the land, until September, 1912, he contributed nothing in the way of personal services in nursing or caring for the old people, and furnished nothing for their maintenance. In the meantime defendant executed an oil and gas lease on the whole of said tract of land, collected large rentals therefrom and has not accounted to plaintiff, Emma D. Davis, for her portion thereof. In 1910 he instituted a partition suit against plaintiff, and the land was partitioned by final decree, entered in September, 1911. But the matters presented in this suit were not therein brought to the attention of the court and were not adjudicated, for the alleged reason that plaintiff's mother was then living and the joint obligation to support her not then discharged. The decree of partition expressly retained a lien on each parcel of said land for her support, according to the provisions of the deed of October 29th, 1907. The bill avers the care and nursing of Mary Stutler by plaintiff was worth at least $5.00 per week, and amounted to $1,520.00 for the whole time; that the cost of her clothing was $25.00 per year, amounting in all to $125.00; that her medicine cost $10.00 per year and amounted to $50.00; and that one-half of said sums, or $847.50, was chargeable to defendant. Plaintiff admits defendant paid for the coffins when the old people were buried, but she avers he will not inform her respecting their cost. She also avers he claims something for services claimed to have been rendered in caring for the old people, but declines to inform her of the amount of such claims. She alleges, however, they will not exceed $100.00 altogether, and that he will not inform her of the amount of Christopher Stutler's debts which he claims he has paid, and avers, on information and belief, they will not exceed $40.00. In view of their joint obligation and the complication of their accounts, and the refusal of defendant to inform her of the expenditures made by him in the discharge of their joint trust, she prays that he be required to make full disclosure of the same; that she be subrogated to the benefits of the lien created by the deed of October 29th, 1907, for the support and maintenance of her parents; and that said lien be

enforced against that part of the land assigned to defendant in the partition suit, and for general relief.

The bill presents a good cause for equitable relief. The parties were jointly bound to perform the undertaking or trust, and each was required to bear an equal share of the burden. If plaintiff has performed more than her part as she alleges, she has a right to demand contribution from defendant. The maintenance and support were to be furnished at the home of the old people on the land conveyed and became a charge or lien on the land, in the nature of a trust. The character of the conveyance and the provisions for the support of the grantors are very similar to those appearing in the well considered case of *McClure* v. *Cook*, 39 W. Va. 579, and the principles therein applied govern here. It was there held: "Where in a deed of settlement from father to son a tract of land is conveyed on the consideration, that the son will support for life his father and his wife, the grantors, and the deed taken as a whole shows the intention to be to charge the real estate conveyed as security for the performance of such duty, it is not necessary that a lien on the land for such support be expressly reserved on the face of the conveyance."

It appears from the deed exhibited with the bill in this case, which must be considered as a part of the bill, that the intention of the grantors was to make their maintenance and support a charge upon the land. The deed provides, "such support and maintenance to be furnished and provided for them by the parties of the second part, upon the land herein conveyed and it is also understood and agreed that the said Christopher Stutler may have the right to direct the farming of said land while he is able to do so." And further along in the deed, this language occurs: "It is also understood and agreed that the parties of the first part retain for themselves a home upon the said land during their natural lives." This language is even stronger than the terms used by Jacob Cook and his wife in their deed, in the case above cited, to create a lien upon or trust in the land for the support of the grantors. The land being thus charged with a trust or lien for the support of the grantors, either of them, if living, would have the right to go into a court of equity to enforce it, and it is

82 W. Va.

needless to cite authorities for the familiar proposition that, where two persons are jointly and equally bound to discharge a lien on land or execute a trust attaching to the same, the one who pays more than an equal part, or performs more than his fair share of the burden, has a right to apply to a court of equity for contribution from his joint tenant or joint obligee, and to be subrogated to the rights of the vendor or beneficiary. The demurrer was properly overruled and the decree will be affirmed and the cause remanded for further proceedings.

*Decree affirmed, and cause remanded.*