# CHARLESTON.

## STATE v. NEAL ROYAL.

Submitted October 16, 1923.   Decided October 23, 1923.

1. INDICTMENT AND INFORMATION—*Indictment Should Charge For-
mer Conviction With Particularity and Precision, When
Made Basis for Additional Penalty.*

   Where a former conviction is made the basis of an addi-
tional penalty, the indictment should charge the former con-
viction with particularity and precision and without ambiguity,
in .order to acquaint the accused of what conviction he must
prepare to defend, and ·to enable the court to say whether
the statute which imposes the superimposed penalty applies.
(p. 619).

2. SAME—*Indictment· Must Set Out Court and Term or Date of
Former Conviction, Made Basis for Additional Penalty.*

   The indictment must set out the court in which the former
conviction was had and the term or date of the conviction
with reasonable certainty.   (p. 619).   ·

3. CRIMINAL LAW—*Record of Former Conviction Must be Intro-
duced to Sustain Charge of Second Offense; Oral Evidence
of Custodian of Record as to Contents and Legal Import
Inadmissible Where Record Obtainable.*

   Where a former conviction is properly charged in the in-
dictment, ordinarily the record of the conviction must be in-
·troduced to the jury in order to sustain the charge.   The
verbal evidence of the custodian of a record as to what that
record contains and its legal import is not the best evidence
where the record is obtainable.   (p. 620)).

4. SAME—*Where Former Conviction Defectively Charged, Its Ad-
mission Prejudicial Error.*

   Where a former conviction is defectively charged in an
indictment, under a statute imposing additional punishment
for a "second offense," and evidence of the former conviction
is introduced to the jury over the objection and. exception of
the defendant, prejudicial error is committed, and a verdict
of guilty as charged in the indictment will be set aside unless
it plainly appears that the verdict could not have been
otherwise.   (p. 622).

Error to Circuit Court, Wyoming County.

Neal Royal was convicted of a second violation of the pro-
hibition law, and he brings error.

*Reversed and remanded.*

*J. Albert Toler,* for plaintiff in error.

*E. T. England,* Attorney General, *R. A. Blessing,* Assistant Attorney General, and *W. G. Brown, Prohibition Commissioner,* for the State.

LIVELY, JUDGE:

Defendant was sentenced to one year in the penitentiary on a verdict finding him guilty as charged. The indictment charged him with a "second" violation of the prohibition law under sec. 31, chap. 32-A, Code 1923. This writ of error challenges the verdict and sentence. The errors alleged are: (1) that the demurrer to the indictment should have been sustained; (2) that the evidence of witnesses examined by the state to prove the first alleged conviction should have been excluded from the jury; (3) the admission of certain alleged hearsay testimony; and (4) refusal of the court to direct a verdict; to set aside the verdict and grant a new trial; and refusal of the motion to arrest judgment. The first count is as follows:

"The Grand Jurors of the State of West Virginia, in and for the body of the County of Wyoming and now attending said Court, upon their oaths do present that Neal Royal was duly indicted, convicted and punished by imprisonment in the county jail of Wyoming County, in said State, for the period of 60 days, and fined $100.00, for having on the ..... day of June, 1919, in the said County of Wyoming, in said State, and within one year next prior to the August term, 1919, of the Circuit Court of said County, at which term of said Court the said Neal Royal was indicted, charged with unlawfully bringing into the State of West Virginia and the said County of Wyoming, during a period of 30 consecutive days, more than one quart of intoxicating liquors, to-wit, three pints, against the peace and dignity of the State."

The second count charges that on January 16, 1922, the defendant being the same person who was indicted, convicted and punished as aforesaid did unlawfully and feloniously carry from one place to another in said county and state during a period of 30 consecutive days more than one quart

of intoxicating liquors, to-wit, 12 quarts, against the peace and dignity of the State.

Does the first count sufficiently aver a former conviction? It will be observed that the count does not state in what court the former conviction was had. It is charged that defendant was indicted, convicted and punished by imprisonment in the county jail of Wyoming county, in said State, for a period of sixty days and fined $100 for bringing into the State and Wyoming county during a period of 30 consecutive days more than one quart of intoxicating liquors, within one year next preceding the August term, 1919, of the Circuit Court, at which term the indictment was found. The offense and when committed is stated; the court in which and the term at which the indictment was found are stated; the punishment and where to be expiated; and also that he was indicted and convicted are charged; but the indictment is silent as to what court and at what time the conviction was had. Evidently the time of the first conviction was after the indictment was found in August, 1919, and before the second offense charged as having been committed on January 16, 1922. But the term at which and the court in which the conviction was had are left to inference. Can we presume that the conviction was had in the circuit court of Wyoming county because the indictment was therein found? It does not necessarily follow. Many persons have been indicted in one county and convicted or acquitted in the circuit court of another county after a change of venue. There should be a clear, direct and unambiguous charge in the indictment of the necessary averments. *State* v. *Savage*, 86 W. Va. 655. The forms given by text writers state the court and term at which the prior conviction was had. Bishop Directions and Forms, secs. 94 and 97; Archibald Crim. Proc. and Pl. pp. 1680 and (side p.) 624. The description of the former conviction need not be technically perfect. *State* v. *Hoilman*, 82 W. Va. 98. But it must be charged with directness and particularity in order to inform defendant of the conviction which he must be prepared to meet, and enable the court to adjudge whether the statute applies. *State* v. *Wentworth*, 65 Me. 234; *State* v. *Adams*,

64 N. H. 440, where it is held that it is enough to set out the court, time, offense and fact of conviction on a plea of guilty. The time and place of the former conviction must be set out in the indictment. *Rand* v. *Com.*, 9 Grat. 738 (4th pt. syl.). In the earlier practice, the record of the former conviction was set out in full in the indictment, and in many instances that practice is yet followed. But the prevailing practice is to charge the essential facts of the record conviction directly, clearly, and unequivocally in the charging part of the indictment. At common law and in some jurisdictions a prior conviction must be set up in the indictment in the same full and exact way, as is necessary where a former conviction is pleaded in bar of a second indictment for the same offense. It is not necessary to aver jurisdiction of the convicting court if it is one of general jurisdiction, nor. is it necessary to charge that the judgment has not been vacated. The sentence or punishment inflicted as a result of the verdict must be averred. *State* v. *Savage*, 86 W. Va. 655. We think it essential that the court in which the former conviction was had, and in which the sentence of punishment was pronounced must be charged clearly and unequivocally, and not left to inference or construction. *State* v. *Small*, 64 N. H. 491; 14 Atl. 727; *Wilde* v. *Com.* 2 Metc. (Mass.) 408; *Rand* v. *Com.*, 9 Grat. 738. Does this defect render the indictment demurrable? Certainly not, if it properly charges the principal offense. *State* v. *Savage,* 86 W. Va. 659; *Satterfield* v. *Com.,* 105 Va. 867. This requirement is met, for in both the first and second counts it is charged that defendant, being the same person who was indicted, tried and convicted as aforesaid, did again unlawfully and feloniously bring into the state, and county of Wyoming, on the 16th day of January, 1923, during a period of 30 consecutive days, more than one quart of intoxicating liquors, against the peace and dignity of the State. The demurrer was properly overruled for this reason. The effect of a defective averment of the previous conviction renders improper any evidence thereof offered to sustain the charge of former conviction and subjects such evidence to exclusion from the jury.

This brings us to the second point of error, namely, the

refusal of the court to strike out the evidence of witnesses relating to the former conviction. Not only was this evidence improper for the reason above stated, but also for the reason that no record evidence of the former conviction was introduced as evidence. It appears that the indictment of the first offense could not be found, and Virgil Shannon, the deputy circuit clerk, was introduced as a witness. He was asked to look at his law order book and state if he could find a record of an indictment against defendant for a misdemeanor in the year 1919, and he replied that the order book so showed; asked if the book showed that defendant was tried for a misdemeanor at the August term, he replied that the order book showed that defendant confessed to a misdemeanor at that term and was fined $100 and sentenced to jail for sixty days; but that the nature of the offense (other than it was a misdemeanor) was not stated. The record itself was not submitted to the jury, nor was it read to the jury by any one. The former judge of the circuit who presided over the court in August, 1919, testified that his trial docket showed that there was a misdemeanor case thereon at that term against defendant, and there was a notation thereon in his, the judge's handwriting, of a confession with punishment of ''60 days and $100''; and that the notation showed that the nature of the case was ''liquor.'' The trial docket was not introduced to the jury, nor was any portion thereof read to the jury. Worrell testified that he had obtained a pardon for defendant from the Governor in 1919 of a conviction and sentence for a violation of the prohibition laws imposed in August, 1919, by the circuit court of Wyoming county. The statute requires that the record of the first conviction shall be introduced as evidence in the trial of the second offense. Without this requirement of the statute, the record would be the best evidence, and the introduction of the witnesses to show by verbal testimony what the record contained was violative of the rule that secondary evidence is not admissible where the primary evidence is obtainable. The evidence of the deputy clerk and former judge was their interpretation of what the record contained and its legal import. The motion to strike out the evidence of these witnesses should have been sustained, for

lack of proper charge in the indictment on which to base it; and because it was not the best evidence of the record fact.

The other assignments of error are to the refusal of the court to instruct a verdict for defendant; refusal to set aside the verdict as contrary to the law and evidence; and refusal to arrest judgment; and may all be considered together. The indictment was good as charging the principal offense, and there was ample legal evidence on which the jury could find a verdict therefor. Of course they had to disbelieve defendant's testimony that he was not guilty, and was the innocent victim of incriminating circumstances. It will be unnecessary to encumber this opinion by a recital of the evidence to sustain or deny the principal offense charged. The motion to instruct the jury to find for defendant was properly refused. Should the verdict be set aside? It will be noted that the jury found "defendant guilty as charged in the within indictment." This verdict could not be disturbed if there had been no evidence introduced to substantiate a former conviction. The indictment is good as charging the principal offense, namely, the violation alleged to have been committed on January 16, 1922. That is the only legal charge against him, although the pleader attempted to charge a former conviction. The verdict is responsive, in the eye of the law, to the principal charge, and the evidence supports it. But what effect did the evidence of the former conviction have in bringing about this verdict?

As stated, the evidence of the former conviction was improper, there being no foundation for it in the indictment. Suppose there had been no attempt to charge the first conviction in the indictment and evidence of a former conviction, or series of convictions, had gone to the jury? Could it be contended that it would have had no influence in the verdict? The jury would likely convict of the principal offense on very weak evidence. We do not mean to say the evidence of guilt was weak in this case, but it was flatly denied. The jury in the case supposed would most likely refuse to acquit an habitual criminal. We consider the evidence here under discussion was very damaging to defendant. The presumption is very strong that it was prejudicial. In 1834 a majority

of the English judges having determined that the Crown could put in evidence of the former conviction as a part of its evidence in chief, an act of Parliament was passed directing that evidence of the former conviction should not be introduced until the jury had found the prisoner guilty of the principal charge unless he, himself, puts his character in evidence. *Rex* v. *Martin,* L. R. I. C. C. 214, 6 & 7 Wm. IV. chap. 111. However, our practice is to try the prisoner on the whole indictment under one issue, and introduce the evidence of the former conviction and identification of the prisoner as a part of the state's case in chief, where the allegation of former conviction is properly laid as a foundation. The reference to the Act of Parliament, above cited, is for the purpose of showing the solicitude of the English people that nothing should be admitted to the jury which would tend to prejudice them against the prisoner in consideration of the principal charge. Both legislative and judicial action has pronounced such evidence as prejudicial to the trial of the second and principal offense. In *Rand* v. *Com.,* cited, the point under discussion was elaborately discussed by Judge Daniel. In that case the jury had been told by the trial judge that the record of the former conviction was admitted for the sole purpose of showing that the prisoner had been previously convicted of a felony. The allegation in the indictment of the first conviction was faulty; and the Virginia court held that the prisoner had the right to stand before his triers in the same plight as if the allegation had not been made; and that the caution of the trial judge could not wholly remove the unfavorable impression which the evidence of the former conviction must, most probably, have made on their minds. The evidence in the case at bar of the former conviction was, no doubt, highly prejudicial to the prisoner and we cannot say that the verdict would have been the same in the absence of this damaging evidence. The verdict will be set aside and a new trial awarded.

*Reversed, verdict set aside, new trial awarded.*