# CHARLESTON.

STATE *v.* WALTER PHARES

(No. 6445)

Submitted November 19, 1929. Decided November 26, 1929.

274

*Howard B. Lee*, Attorney General, and *W. Elliott Nefflen*, Assistant Attorney General, for the State.

*Joseph J. Madden*, for plaintiff in error.

LIVELY, JUDGE:

The defendant, Walter Phares, was convicted for a second offense of driving a motor vehicle on a public road while intoxicated, and was sentenced to the penitentiary for a term of one year. This writ followed.

After proving a conviction on a similar charge in 1924, the prosecution introduced testimony that on July 20, 1928, the defendant, while in an intoxicated condition, was observed driving an automobile on a highway leading from Elkins to Gillman. Defendant admitted his presence in the car while intoxicated, but claimed that it was driven by Earl Kittle, his companion.

Logically, the first assignment of error is the overruling of defendant's motion in arrest of judgment based on a defect in the indictment. It is contended that indictment is bad because it failed to charge directly that the subsequent offense was a breach of the same law and thus a felony. In the first paragraph of the indictment the prior conviction and sentence on a charge of driving a motor vehicle on a public road while intoxicated, is set out, and in the second paragraph it is charged that "on the........day of May, 1926, the said Walter Phares, in the County of Randolph and state aforesaid, did unlawfully and feloniously drive and operate a motor vehicle along and upon a public road and highway, he, the said Walter Phares, being there and then intoxicated and under

the influence of intoxicating liquors, drugs and narcotics, against the peace and dignity of the state." It was sufficient to set out the former conviction and sentence, and the essential facts constituting the second offense, without specifically alleging that the subsequent offense was a violation of the same law and consequently a felony. *State* v. *Hoilman*, 82 W. Va. 182.

Defendant further assigns as error the action of the trial court in permitting the state, after both sides had rested, to recall certain of its witnesses to contradict the testimony of Earl Kittle, a witness for the defendant, who had stated that he was the driver of defendant's car. It is contended that as these witnesses had testified on direct examination that Phares was the driver of the car, their further testimony contradicting Kittle upon his being pointed out to them was not proper rebuttal, but was merely a reiteration of their testimony in chief. "Whether a party shall introduce further evidence after that of the adverse party has been heard, is a matter within the sound discretion of the court, and its exercise will rarely, if ever, be the cause of reversal. Clearly, he is entitled to introduce evidence to rebut that of the other party." Pt. 3, Syl. *State* v.*Williams*, 49 W. Va. 220. The defendant admitted that he was intoxicated on the occasion of his arrest, but sought to escape conviction by proof that Earl Kittle was the driver of his car. This presented a new phase of the case which the state was entitled to meet by rebuttal testimony. The fact that this rebuttal evidence was to some extent a reiteration of testimony given by the same witnesses upon their examination in chief did not render it inadmissible. *State* v. *Mason*, 14 S. W. (2nd) (Mo.) 611; *State* v. *Guillory*, 72 So. (La.) 995; *State* v. *Burris*, 198 N. W. (Iowa) 82, 85. In the last case cited, the court said: "Complaint is made by the appellant that the state was permitted to offer in rebuttal, testimony of witnesses testifying to the same subject matter as a part of the state's main case. The general order of procedure in the trial of cases is provided in Code, section 3700, but the matter rests very largely in the discretion of the trial court. We have examined the record

and fail to find that the court abused its discretion in the matter of admission of this testimony, in rebuttal. It was proper rebuttal testimony, even though it was likewise, to some extent, a reiteration of the testimony given by the same witnesses on the main case." See, also, *State* v. *Branneis,* 79 Atl. (Conn.) 70, 75. In the instant case it is not apparent that the trial court has abused its discretion in this regard, with resultant prejudice to the defendant.

It is further contended that the trial court erred in permitting the prosecuting attorney in interrogating Mrs. Poling, a state's witness, to ask the witness whether or not "this man who says his name is Earl Kittle was driving Walter Phares' car." It is maintained that the form of the question was objectionable in that it was impliedly suggested that Kittle had not told the truth about his name. This point is highly technical. The inference that Kittle had not given his true name is strained and not justified by the language used. Furthermore, the objection was not made to the question, but to the answer of the witness in reply to the question.

Defendant also assigns error in the giving and refusing of certain instructions. State's instruction No. 1 told the jury that if they believed beyond a reasonable doubt that the defendant was theretofore convicted of operating an automobile while intoxicated and was fined and sentenced therefor, and after the conviction the defendant operated an automobile upon the public highway while under the influence of intoxicating liquor, the jury should find the defendant guilty as charged in the indictment. It is contended that the instruction is defective because it failed to tell the jury that they must have believed *beyond a reasonable doubt* that the defendant had committed a second offense before they could find him guilty. There is no merit in this contention. A reading of the instruction as a whole impels the conclusion that the jury must have so understood. *State* v. *Taylor,* 105 W. Va. 298. Defendant asserts that this instruction was deficient in another respect, namely, that it failed to include the defense that Kittle and not the defendant was the driver of the car. In arriving at its verdict the jury must necessarily have passed

upon this fact. We perceive no error in this assignment.

Defendant's instruction No. 4, refused, was similar to defendant's instruction No. 8 in *State* v. *Staley*, 45 W. Va. 798. It was disapproved in that case.

There is no merit in the last assignment of error, that the verdict is contrary to the law and evidence. Although the evidence was conflicting, there was ample testimony to sustain the jury's finding that the defendant was guilty of a second offense of driving his car on a public highway while intoxicated.

The judgment of the trial court will be affirmed.

*Affirmed.*