STATE OF WEST VIRGINIA

*v.*

EDWARD JUNE LOY

(No. 12080)

Submitted April 11, 1961.          Decided May 9, 1961.

*Loudoun L. Thompson, William H. Loy,* for plaintiff in error.

*C. Donald Robertson, Attorney General, George H. Mitchell, Assistant Attorney General,* for defendant in error.

GIVEN, JUDGE:

Edward June Loy was convicted by a jury of Hampshire County, on an indictment which charged that he did, on the 30th day of April, 1960, "unlawfully drive and operate a motor vehicle upon the public highway * * * while, he, the said Edward June Loy, was then and there intoxicated and under the influence of intoxicating liquors, against the peace and dignity of the State * * *". A further charge, contained in a separate paragraph of the indictment, was to the effect that "* * * on the 21st day of December, 1955, the said Edward June Loy was tried and convicted upon his, the said Edward June Loy, plea, of guilty before A. L. Russell, a duly qualified and act-

ing Justice of the Peace * * * upon a lawful warrant * * * charging the said Edward June Loy with having unlawfully driven and operated a motor vehicle upon a highway in said county and state, while he, the said Edward June Loy, was then and there intoxicated and under the influence of intoxicating liquors and was thereupon fined the sum of $100.00, which fine was paid on the 21st day of December, 1955, against the peace and dignity of the State''. It will be noticed that the indictment does not charge the date on which the previous violation occurred, or that it occurred within the five year period immediately before the date of the occurrence of the violation first charged in the indictment.

The verdict returned by the jury was, ''We, the jury, find the defendant guilty as charged in the indictment of both first and second offenses of driving intoxicated''. The sentence of the court on the verdict was that the defendant ''* * * be confined to the County Jail of this County for a period of six months''.

On the trial, the warrant mentioned in the indictment and the complaint on which it was founded were introduced as evidence by the State, and exhibited to the jury. The warrant charged that ''Edward Loy on the 20th day of December, 1955, in said Hampshire County, did unlawfully operate a motor vehicle upon the public highways of said County while intoxicated and under the influence of intoxicating liquor, drugs or narcotics against the peace and dignity of the State''.

The pertinent part of the Code provision on which the indictment was based, 17C-5-2, as amended by Chapter 117, 1957 Acts of the Legislature, Regular Session, reads: ''(a) It is unlawful and punishable as provided in paragraph (c) of this section for any person who is under the influence of intoxicating liquor to drive any vehicle on any highway of this state or for any owner of such vehicle to knowingly permit the same to be so operated by one under the influence of intoxicating liquor * * * (c) A person

violating any provision of this section shall, for the first offense, be guilty of a misdemeanor and, upon conviction thereof, shall be punished by imprisonment in the county jail for a period of not less than twenty-four hours nor more than six months and, in addition to such mandatory jail sentence, such person may be fined not less than fifty nor more than one hundred dollars * * * A person violating any provision of this section shall, for the second offense, occurring within a five-year period, be guilty of a misdemeanor, and, upon conviction thereof, shall be punished by imprisonment in the county jail for a period of not less than six months nor more than one year, which sentence shall not be subject to probation * * *''.

The defendant contends that the indictment on which he stands convicted is void, first, for the reason that the warrant on which the first conviction was founded was invalid, in that it charged distinct offenses in the disjunctive and, second, for the reason that it did not allege the date of the first violation. Defendant relies largely on language found in *State v. Stollings,* 128 W. Va. 483, 37 S. E. 2d 98.

The holding in the *Stollings* case was: "An indictment charging the accused with the commission of several distinct offenses in the disjunctive, does not meet the requirements of West Virginia Constitution, Article III, Section 14, and is bad on demurrer." There can be no doubt that the holding stated the principle of law as applied in this State. See *State v. Keller,* 118 W. Va. 296, 191 S. E. 210; *State v. Dawson,* 117 W. Va. 125, 184 S. E. 253; *State v. Miller,* 68 W. Va. 38, 69 S. E. 365; *State v. Charlton,* 11 W. Va. 332.

In the *Stollings* case the indictment charged that the defendant "did unlawfully operate a motor vehicle upon a public road in said Lincoln County while intoxicated or under the influence of intoxication liquors, drugs or narcotics". At the time of the return of the indictment in that case the applicable statute made it

an offense to drive an automobile "while intoxicated, or under the influence of intoxicating liquor, drugs or narcotics". The language of the applicable statute was the same at the time of the return of the indictment in the *Keller* case. In the *Keller* case the indictment charged that the defendant did "drive and operate" an automobile while "intoxicated and under the influence of intoxicating liquor, drugs or narcotics". As above noticed, at the time of the commission of the offense alleged in the indictment in the instant case, the statute defined the offense as driving while "under the influence of intoxicating liquor".

In the opinion in the *Stollings* case it was stated: "* * * It is noted that in the *Keller* case the warrant charged that defendant was 'intoxicated and under the influence of intoxicating liquors, drugs *or* narcotics'. (Italics supplied). We disapprove the decision in that case in so far as it justifies the use of the disjunctive 'or' between the words 'drugs' and 'narcotics', for the reason that we do not feel justified in departing from the rule inherent in our criminal practice that indictments should not set forth in the disjunctive separate and distinct offenses * * *". Apparently, though we think not justifiably so, the statement was made on the theory that the word "or" appearing in the warrant between the word "drugs" and the word "narcotics" was an attempt to charge the commission of other or further offenses, and did not relate merely to the manner of the commission of the offense actually charged.

In *State v. Dawson, supra,* after citing authorities, Judge Kenna, speaking for the majority, said: "These authorities sustain the proposition that, in an indictment, terms which are synonymous in the sense of being merely a repetitious explanation of what precedes may be separated by the word 'or' used in the sense of 'to-wit' ". In *State v. Michael,* 141 W. Va. 1, 87 S. E. 2d 595, we held, part Point 8, Syllabus, that "The words 'intoxicated' and 'under the influence of intoxicating liquor' are, in contemplation of law, synonymous".

In the *Keller* case the Court reached the conclusion, we think correctly, that "The rule is that 'an indictment must not state the offense disjunctively, when it is thereby left uncertain what is really intended to be relied on as the accusation.' *State v. Charlton*, 11 W. Va. 332, 27 Am. Rep. 603. This lays down a rule of reason which it is safe to follow, and which does not prevent a court from holding an indictment bad where the disjunctive is used and where its use obscures and makes uncertain the accusation against the defendant".

In 42 C.J.S., Indictments and informations, Section 139 (b), the general rule is stated thusly: "Where a statute makes punishable various acts and mentions them disjunctively, an indictment charging the commission of two or more of such acts in one count must generally charge them conjunctively * * * Moreover, it has been stated that the better rule is that the use of the disjunctive is fatal only where uncertainty results, and not where one term is used as explaining or illustrating the other, or where the language of the statute makes either an attempt or procurement of an act, or the act itself in the alternative, indictable. It is sufficient to charge one or more of the acts stated disjunctively in the statute without alleging them all conjunctively." See *State ex rel. Vance v. Arthur*, 142 W. Va. 737, 98 S. E. 2d 418; *State v. Mason*, 141 W. Va. 217, 89 S. E. 2d 425; *State v. Jarrett*, 119 W. Va. 432, 194 S. E. 1; 27 Am. Jur., Indictments and informations, Section 127.

We are therefore of the opinion that the language found in the indictment, and in the warrant mentioned in the indictment in the instant case, clearly falls within the rule followed in this State, and sufficiently afforded the defendant notice of the offense for which he was forced to stand trial.

As to the contention of defendant that the indictment was void for the reason that it did not allege the date of the first violation, or that such violation occurred within five years of the second violation, we

think it not of substantial merit. We view the second paragraph in the indictment, sometimes referred to by the defendant as the second count, not as a charge of a second and distinct crime for which he was then being forced to stand trial, but a prior violation for which he had been previously tried and convicted and which, if proved, would affect only the penalty to be imposed as to a conviction under the same statute for a second violation. As to the first conviction, if regularly obtained, the defendant had been, in that proceeding, afforded his constitutional right of notice of the violation there charged, and for which he was then forced to stand trial, and it was sufficient to allege only in the indictment in the instant case "the former conviction and sentence, and the essential facts constituting the second offense". *State v. Phares,* 108 W. Va. 273, 151 S. E. 186. In *State v. Hoilman,* 82 W. Va. 98, 95 S. E. 591, wherein a prior violation was involved, we permitted the introduction into evidence of the records of the prior conviction for the purpose of establishing jurisdiction of the court as to the prior case, the prior conviction having been before a mayor of a city, acting ex officio as a justice of the peace. We believe, therefore, that though the date of the occurrence of the first violation was not set out in the indictment, the defendant had, from the allegations therein contained, sufficient notice of such prior conviction and sentence as may have been necessary to afford him an opportunity to make defense thereto. If the second violation had not occurred within the five year period, as provided by statute, that fact would have been known to defendant and would have been available to him as a complete defense in so far as imposition of the additional penalty was concerned. "* * * An indictment in statutory form for a statutory offense is not invalid for failure to specify details of the alleged offense which go only to the extent of the penalty which may be imposed in certain situations in which the punishment may be augmented or diminished, where such matters could have been supplied by bill of particulars if timely application

therefor had been made." 27 Am. Jur., Indictments and Informations, Section 59. See *State v. Bierce,* 113 W. Va. 649, 169 S. E. 478; *State v. Lee,* 103 W. Va. 631, 138 S. E. 323; *State v. Zink,* 102 W. Va. 619, 135 S. E. 905; *State v. Royal,* 94 W. Va. 617, 119 S. E. 801; *State v. Savage,* 86 W. Va. 655, 104 S. E. 153; *State v. Goldstrohm,* 84 W. Va. 129, 99 S. E. 248; *Husty v. United States,* 282 U. S. 694, 51 S. Ct. 240, 75 L. ed. 629. See also, *State v. Johnson,* 134 W. Va. 357, 59 S. E. 2d 485; *State v. Wolfe,* 128 W. Va. 414, 36 S. E. 2d 849.

A further contention of defendant relates to whether he was eligible for probation, the trail court having refused to consider whether he was entitled to probation. As has been noticed, the statutory provision creating the offense, Code, 17C-5-2, quoted in part above, as to a sentence for the second offense, provides that such "sentence shall not be subject to probation". Defendant contends, however, that such provision has been repealed by the amendment of the general statute relating to eligibility for probation, Code, 62-12-2, as amended, providing, in so far as may seem pertinent here, that "all persons whether previously convicted or not, who are found guilty or plead guilty to any misdemeanor, shall be eligible for probation, notwithstanding the provisions of sections eighteen and nineteen, article eleven, chapter sixtyone of this Code". Code, 61-11-18, 19, as amended, relate to habitual criminal sentences.

We are of the opinion that there is no substantial merit in defendant's contention. In *State ex rel. Thompson v. Morton,* 140 W. Va. 207, 84 S. E. 2d 791, we held: "1. to effectuate an express repeal of a statute it must be so described, distinguished or referred to in the subsequent enactment as to make identification thereof reasonably certain. 2. To warrant the adjudication of the repeal of a statute by implication there must exist such a positive repugancy between the statute claimed to be repealed and the subsequent enactment that they can not, by any reason-

able hypothesis, be consistently reconciled." There is contained in Code, 62-12-2, as amended, no reference to, description of, or any identification of the pertinent provision of Code, 17C-5-2.

To determine whether there exists a repeal by implication of the pertinent provision of Code, 17C-5-2, as amended, the clause denying the right to probation to a defendant convicted of a second offense, we must determine whether there exists such a "positive repugancy" between the pertinent provision of the general statute relating to eligibility for probation and the pertinent provision contained in Code, 17C-5-2.

Perhaps a sufficient answer to defendant's contention rests in the fact that Code, 17C-5-2, as amended, as it relates to the question of the right of a defendant convicted of a second violation, is a specific statute, *Harbert v. County Court of Harrison County,* 129 W. Va. 54, 39 S. E. 2d 177; *United States Coal and Coke Co. v. Turk,* 127 W. Va. 368, 33 S. E. 2d 463; or in the fact that Code, 17C-5-2, was amended later than Code, 62-12-2, though at the same session of the Legislature, *Sale v. Board of Education of the County of Cabell,* 119 W. Va. 193, 199, 192 S. E. 173; *Commonwealth v. Sanderson,* 170 Va. 33, 195 S. E. 516. Yet we think a history of the statute creating the crime of driving an automobile while under the influence of intoxicating liquor may be helpful.

The 1921 Legislature, by Chapter 112, enacted a comprehensive system of laws governing public roads. By Section 88 of that chapter it was provided that any person who "shall drive or operate any vehicle, motor driven or otherwise, upon any public road or street in this state, when intoxicated or under the influence of liquor, drugs or narcotics" shall be guilty of a misdemeanor, and, on conviction, "shall be punished with a fine of not less than twenty-five dollars, nor more than one hundred dollars, and shall be confined in the county jail not less than sixty days nor more than six months for the first offense; and for a sec-

ond offense, he shall be deemed guilty of a felony'',
and confined in the penitentiary. Such provisions of
Section 88 of Chapter 112 were incorporated in Sec-
tion 88 of Chapter 43 of Barnes' 1923 Code of West
Virginia, and Section 25 of Article 8, Chapter 17 of
the 1931 Official Code, somewhat revised, but not
materially changed as to the language creating the of-
fense or as to the language fixing the punishment for
a violation thereof.

The 1935 Legislature, By Chapter 64, again amended
the section, not changing the language creating the
offense, but fixing the punishment for the first viola-
tion ''by a fine of not less than twenty-five nor more
than one hundred dollars, or by confinement in jail
not less than five days nor more than six months, or
by both * * *''. The second or any subsequent offense
was made a felony, punishable by imprisonment in
the penitentiary.

The 1951 Legislature, by Chapter 129, amended the
entire chapter of the Official Code dealing with the
comprehensive system of laws governing public roads,
Chapter 17, by enacting Chapters 17A, 17B and 17C.
By subsection (a) of Section 2, Article 5, Chapter 17C,
it was made a misdemeanor ''for any person who is
under the influence of intoxicating liquor to drive or
be in actual physical control of any vehicle on any
highway''. For the first violation thereof the punish-
ment was a fine of not less than fifty dollars and not
more than one hundred dollars, or imprisonment of
not less than five days nor more than six months. For
the second offense, made a misdemeanor, it provided
that the defendant ''shall be punished by imprison-
ment in the county jail for a period of not less than
six months nor more than one year, which sentence
shall not be subject to probation.'' This enactment
also provided that for ''the third or any subsequent
offense'' the defendant would be guilty of a felony,
punishable by confinement in the penitentiary. Thus,
it will be noticed, the second violation remained a
felony after the 1935 Amendment, to the Amendment

of 1951, when it was reduced to a misdemeanor, the punishment being made less severe, but any privilege as to probation denied, and the provision making a third violation a felony was added.

The pertinent section was again amended by the 1955 Legislature, Chapter 113, the language creating the offense remaining the same, driving when "under the influence of intoxicating liquor", the language relating to control of the automobile being omitted; the penalty for the first and second violations remained the same; the provision denying the privilege of probation as to the second violation was retained, but the provision providing that the second violation must occur "withing a five-year period" was added. The provision making the third or subsequent violation a felony was also retained, but the provision requiring that the third violation must have occurred within a five-year period was added. The effect of the 1957 Amendment has been previously pointed out. Though not particularly pertinent here, certain of the amendments described contained provisions relating to revocation of drivers' licenses, and the impounding of the vehicle involved in the violation.

It would seem clear, therefore, that though the Legislature has reduced the second violation from a felony to a misdemeanor, perhaps because of enforcement difficulties, it has, since the 1951 Amendment, intended, and clearly provided, that a defendant, as to a second violation, should be denied any privilege as to probation, and that no repugnancy exists, the pertinent provision of Code, 17C-5-2, as amended, being in effect an exception to the general statute.

The authorities are clear that a defendant convicted of a crime has no absolute right to probation, probation being a matter of grace only, extended by the State to a defendant convicted of a crime, in certain circumstances and on certain conditions. Where a statute expressly provides, as here, that a defendant convicted of an offense of a certain type or class shall

not be entitled to probation, the trial court has no power to consider or grant probation. 24 C.J.S., Criminal Law Section 1571; 15 Am. Jur., Criminal Law, Section 498; 5 M.J., Criminal Procedure, Section 76. et seq.

The judgment of the Circuit Court of Hampshire County complained of is affirmed.

*Affirmed.*