# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 21-0202** (Jackson County CC-18-2018-F-109)

**James Alan Park,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner James Alan Park, by counsel Mark S. Plants, appeals the February 9, 2021, order of the Circuit Court of Jackson County denying his Rule 35(b) motion for a reconsideration of sentence. The State of West Virginia, by counsel Patrick Morrisey and Mary Beth Niday, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2018, petitioner was indicted on two counts of second-degree sexual assault, eight counts of third-degree sexual assault, one count of attempt to commit a felony, two counts of soliciting a minor by use of a computer, one count of use of obscene material with the intent to seduce a minor, and two counts of contributing to the delinquency of a minor.[1] In April of 2019,

---

[1] The record provides that petitioner, who was then thirty one years old, sent unprompted social media "friend requests" to two underage minor females. One girl was fourteen at the time of contact and the other girl was seventeen. Although the fourteen-year-old girl was forthcoming regarding her age, petitioner met with her on three separate occasions for sex. Petitioner also provided this girl marijuana. The seventeen-year-old girl reported that petitioner purchased alcohol

(continued . . .)

1

pursuant to a plea agreement, petitioner pled guilty to one count of second-degree sexual assault (count one of the indictment)[2] and one count of third-degree sexual assault (count five of the indictment).[3] The State dismissed the remaining counts of the indictment. Then, in July of 2019, the circuit court sentenced petitioner to indeterminate sentences of not less than ten nor more than twenty-five years on count one and not less than one nor more than five years on count five. The court ordered that petitioner's sentences would run consecutively.

In October of 2019, petitioner, by counsel, filed a Rule 35(b) motion for reconsideration of his sentence, seeking alternative sentencing (such as probation or home incarceration) in lieu of incarceration.[4] By order entered on November 18, 2020, the circuit court denied petitioner's motion. In its order, the court considered petitioner's argument that "his elderly parents will require his assistance, that he ha[d] an 'appropriate place to reside' during any potential alternative sentence, and that he has 'only one' prior felony conviction."[5] The court reasoned that it previously

> gave thorough consideration to [petitioner's] history and to the nature of his instant offense[s] at the time of imposition of sentence. In addition to [petitioner's] existing felony record, however brief, [petitioner] now stands convicted of serious felonies related to sexual misconduct against a minor female. [Petitioner] also received significant benefit from his plea agreement with the State, which dismissed fourteen felony counts against [petitioner].

For those reasons, the circuit court found that alternative sentencing would not be a just sentence or in the interest of public safety. Petitioner now appeals the circuit court's February 9, 2021, order denying his Rule 35(b) motion.[6]

---

for her to befriend her and offered her marijuana on one occasion. When the girl came to petitioner's home to collect the marijuana, he forced himself on her in his bedroom, causing her significant injury. The seventeen-year-old later cooperated with law enforcement, including recording a conversation between herself and petitioner, during which petitioner admitted to details that corroborated the statements of both girls.

[2]*See* W. Va. Code § 61-8B-4.

[3]*See* W. Va. Code § 61-8B-5.

[4]Rule 35(b) of the West Virginia Rules of Criminal Procedure provides, in relevant part, that "a motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed."

[5]Petitioner did not include a copy of his Rule 35(b) motion in the appendix on appeal.

[6]On February 9, 2021, the circuit court entered an order extending petitioner's period to

(continued . . .)

This Court has set forth the following standard of review in cases such as this:

> "In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head,* 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Marcum*, 238 W. Va. 26, 792 S.E.2d 37 (2016). A motion for reduction of sentence under Rule 35(b) is "essentially a plea for leniency from a presumptively valid conviction." *Head*, 198 W. Va. at 306, 480 S.E.2d at 515 (Cleckley, J., concurring).

On appeal, petitioner argues that the circuit court abused its discretion in denying his Rule 35(b) motion for alternative sentencing because he "was eligible" for probation and "was a suitable candidate for such alternative disposition." Petitioner asserts, without any citation to the record, that he lacked criminal convictions, accepted responsibility for his actions, and had a positive work history. He argues that these factors supported a sentence for probation. Finally, petitioner argues that the circuit court denied his request for probation without sufficient explanation, as required by West Virginia Code § 62-12-8.[7]

We have previously held that "'[t]he decision of a trial court to deny probation will be overturned only when, on the facts of the case, that decision constituted a palpable abuse of discretion.' Syl. Pt. 2, *State v. Shafer,* 168 W.Va. 474, 284 S.E.2d 916 (1981)." Syl. Pt. 3, *State v. Shaw*, 208 W. Va. 426, 541 S.E.2d 21 (2000). Upon our review, the Court finds no abuse of discretion in the circuit court's denial of petitioner's request for alternative sentencing. West Virginia Code § 62-12-3 grants circuit courts discretion in ordering a defendant to serve a sentence on probation. Further, "[p]robation is a matter of grace and not a matter of right." Syl. Pt. 2, *State v. Hosby*, 220 W. Va. 560, 648 S.E.2d 66 (2007) (citation omitted).[8] The circuit court's order provided that it considered petitioner's history, as well as the nature of his convictions, when determining its sentence. The court concluded that alternative sentencing would not be just in this instance and was against the interest of public safety. These reasonable considerations support the

---

appeal its November 18, 2020, order, upon a substitution of counsel and the parties' subsequent difficulties in communication.

[7]West Virginia Code § 62-12-8 provides, in relevant part, that "[o]rders granting or refusing release on probation shall contain a brief statement by the court of the reasons for its action and shall be entered of record."

[8]We have otherwise stated that "a defendant convicted of a crime has no absolute right to probation, probation being a matter of grace only." *State v. Loy*, 146 W. Va. 308, 318, 119 S.E.2d 826, 832 (1961).

circuit court's final determination, and we find no error therein. Moreover, we conclude that these findings are sufficient to satisfy the requirements of West Virginia Code § 62-12-8. *See Shafer*, 168 W. Va. at 477, 284 S.E.2d at 919 (affirming denial of probation upon a circuit court's finding that "the ends of justice would not be served by placing the defendant on probation"). Accordingly, petitioner is entitled to no relief.

For the foregoing reasons, we find no error in the circuit court's February 9, 2021, order.

Affirmed.

**ISSUED**: April 14, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment

4